# Exhibit 1

## SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is made and entered into by and among Plaintiffs Amber Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherine Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid, Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo (collectively "Plaintiffs" or "Class Representatives"), through their undersigned counsel, and Defendant FCA US LLC ("FCA US" or "Defendant") (Plaintiffs and FCA US are collectively referred to as the "Parties"), subject to the approval of the Court.

## I.   RECITALS

WHEREAS, Plaintiffs filed nine class actions alleging that certain Chrysler, Dodge, Jeep, Ram and Fiat vehicles equipped with a 2.4L Tigershark engine were manufactured, marketed, sold, and leased with a defect that caused these vehicles to consume excessive amounts of engine oil which can result in engines shutting down without warning and releasing excessive oil into the exhaust system leading to excess emissions, and that FCA US sold these vehicles knowing of the safety risks posed by the defect and that it would be material to a reasonable consumer;

WHEREAS, those cases were styled as *Krishawn Durham v. Fiat Chrysler Automobiles, N.V., et al.*, Case No. 5:20-cv-11040 (E.D.Mich., filed Apr. 27, 2020); *Amber Wood, et al. v. FCA US LLC*, Case No. 2:20-CV-11054 (E.D.Mich., filed Apr. 29, 2020); *Nicolette Watson v. FCA US LLC*, Case No. 2:20-cv-11069 (E.D.Mich., filed May 1, 2020); *Michelle Schmid, et al. v.*

*FCA US LLC*, Case No. 2:20-cv-11090 (E.D.Mich., filed May 5, 2020); *Kyle Davis, et al. v.*
*FCA US LLC*, Case No. 2:20-cv-11223-RHC-MJH (E.D.Mich., filed May 18, 2020); *Nathanael*
*Romanchuk, et al. v. FCA US LLC*, Case No. 2:20-cv-11233 (E.D.Mich., filed May 19, 2020);
*Nick Gizzarelli, et al. v. FCA US LLC*, Case No. 5:20-cv-11442-JEL-APP (E.D.Mich., filed June
3, 2020); *Caren Christman v. FCA US LLC*, Case No. 2:20-cv-11480 (E.D.Mich., filed June 5,
2020); *Thomas Weiner v. FCA US LLC*, Case No. 5:20-cv-11968-SFC-EAS (E.D.Mich., filed July
21, 2020);

WHEREAS, on August 6, 2020, pursuant to a stipulation by the Parties, the Court
consolidated the foregoing cases with the case captioned *Amber Wood v. FCA US LLC*, No. 5:20-
cv-11054 (E.D.Mich.) for all purposes, including trial;

WHEREAS, on September 4, 2020, the Court appointed the law firms of The Miller Law
Firm P.C., Hagens Berman Sobol Shapiro, LLP, and McGuire Law P.C. as interim class counsel.
The Court also appointed McCuneWright, LLP, Berger Montague, PC, and Sauder Schelkopf to
the Plaintiffs' Steering Committee (ECF No. 32.);

WHEREAS, on October 21, 2020, Plaintiffs filed a Consolidated Master Class Action
Complaint and Demand for Jury Trial (ECF No. 41);

WHEREAS, following the consolidation of the cases, counsel for the Parties met and
conferred regarding Plaintiffs' allegations and FCA US's defenses, and to explore the potential for
resolution of the Action;

WHEREAS, the Parties then engaged in extensive arm's-length settlement negotiations
over the next several months, including three mediation sessions;

WHEREAS, those negotiations were informed by FCA US's production of documents and
the Parties' exchanges of information, and were supervised by Hon. Layn R. Phillips (Ret.);

WHEREAS, after carefully considering the facts and applicable law and the risks, expense, and uncertainty of continued litigation, and after having engaged in extensive negotiations, the Parties agree that it is in their mutual best interests to resolve the claims in this Action with respect to any allegation of excessive oil consumption in the Settlement Class Vehicles on fair, reasonable, and adequate terms as set forth in this Settlement Agreement;

WHEREAS, the Parties agree that neither this Settlement Agreement nor the underlying settlement shall constitute or be construed as any admission of liability or wrongdoing on the part of FCA US, which FCA US expressly denies;

WHEREAS, the Parties are entering into this Settlement Agreement to avoid the risks, burdens, and expense of continued litigation;

WHEREAS, each Plaintiff and Defendant has independently determined that it is desirable and beneficial for the Action to be fully and finally resolved in the manner and upon the terms and conditions set forth in this Settlement Agreement;

WHEREAS, on August 25, 2021, the Parties reached an agreement in principle on terms and conditions of settlement and drafted a term sheet;

WHEREAS, the Parties continued settlement discussions over the following months, resulting in certain modifications and enhancements to the proposed settlement;

WHEREAS, the Parties have continued to negotiate the final portions of this Settlement Agreement including fees and administrative matters; and

WHEREAS, the Parties, by and through their respective undersigned counsel, have agreed to this Settlement Agreement on the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class Members) and FCA US, by and through their counsel, that,

subject to the approval of the Court, the Action and the Released Claims will be compromised and settled, and have judgment entered, on the terms and conditions set forth below.

## II.     DEFINITIONS

Whenever the following capitalized terms are used in this Settlement Agreement and in the attached Exhibits (in addition to any definitions provided elsewhere in this Settlement Agreement), they shall have the following meanings:

2.1     "2.4L Tigershark" means the 2.4-liter, four cylinder engine with which the Class Vehicles were factory equipped.

2.2     "Action" means the consolidated lawsuits captioned under *Amber Wood, et al. v. FCA US LLC*, No. 5:20-cv-11054 (E.D.Mich.), inclusive of the underlying cases that were consolidated.

2.3     "Administration Expenses" means the cost of the notice program relating to this Settlement Agreement and the costs of administering and processing of claims, disbursements of consideration and other necessary and reasonable expenses associated with administering the Settlement.

2.4     "Attorneys' Fees and Expenses" means the amount awarded by the Court to Co-Lead Class Counsel to compensate them, and any other attorneys for Plaintiffs or the Settlement Class, and is inclusive of all attorneys' fees, costs, and expenses of any kind in connection with the Action and the underlying consolidated cases. Attorneys' Fees and Expenses shall not, under any circumstances, exceed the sum of $7,500,000 ("Seven Million Five Hundred Thousand Dollars"). Attorneys' Fees and Expenses shall be in addition to the benefits provided directly to the Settlement Class and shall not reduce or otherwise have any effect on the benefits made available to the Settlement Class. Attorneys' Fees and Expenses shall not be meant to include the payment of service awards to settlement class representatives by FCA US, as discussed below.

010902-11/1806073 V1

2.5    "Claim" shall mean a request for reimbursement under this Settlement.

2.6    "Claimant" is a Class Member or other person or entity eligible to make a Claim

pursuant to this Settlement Agreement.

2.7    "Claim Form" means a form used to make a Claim under this Settlement,

substantially in the form attached hereto as Exhibit A.

2.8    "Claims Period" means the time period during which a Class Member may submit

a Claim Form, which shall be a period of ninety (90) days after entry of the Final Approval Order.

2.9    "Class" or "Settlement Class" means:

> *All individuals who purchased or leased in the United States one of the following vehicles equipped with a 2.4L Tigershark engine:   model years 2015-2017 Chrysler 200; model years 2013-2016 Dodge Dart; model years 2014-2019 Jeep Cherokee manufactured prior to July 2018; model years 2015-2018 Jeep Renegade; model years 2017-2018 Jeep Compass; model years 2015-2018 Ram Promaster City; and model years 2016-2018 Fiat 500x.*

Each member of the Settlement Class shall be referred to as a "Class Member."  Excluded

from the Settlement Class are FCA US; any affiliate, parent, or subsidiary of FCA US; any entity

in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any

successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse;

individuals and/or entities who validly and timely opt-out of the settlement; consumers or

businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or

junkyard vehicles) (subject to verification through Carfax or other means); and current or former

owners of a Class Vehicles that previously released their claims in an individual settlement with

FCA US with respect to the issues raised the Action.

2.10    "Class Vehicle" means any of the following vehicles equipped with the 2.4L

Tigershark engine:  model years 2015–2017 Chrysler 200; model years 2013–2016 Dodge Dart;

model years 2014–2019 Jeep Cherokee manufactured prior to July 2018; model years 2015–2018

Jeep Renegade; model years 2017–2018 Jeep Compass; model years 2015–2018 Ram Promaster City; and model years 2016–2018 Fiat 500x.

2.11    "Co-Lead Class Counsel" means the law firms of Hagens Berman Sobol Shapiro LLP, The Miller Law Firm, PC, and McGuire Law, PC.

2.12    "Court" refers to the United States District Court for the Eastern District of Michigan.

2.13    "Customer Service Notification" or "CSN" means the documents issued by FCA US which provide authorized FCA US dealerships with the recommended oil consumption diagnostic and repair procedures for Settlement Class Vehicles, including specifically CSN W20, CSN W80, and CSN W84.

2.14    "Escrow Account" means the escrow account designated and controlled by the Escrow Agent at one or more national banking institutions into which the Settlement Fund will be deposited for the benefit of Class Members.

2.15    "Escrow Agent" means the Settlement Administrator or another neutral third party agreed to by the Parties.

2.16    "Effective Date" means ten business days after the later of (a) the date upon which the time for seeking appellate review of the judgment (by appeal or otherwise) shall have expired; or (b) the date upon which the time for seeking appellate review of any appellate decision affirming the judgment (by appeal or otherwise) shall have expired and all appellate challenges to the judgment shall have been dismissed with prejudice without any person having further right to seek appellate review thereof (by appeal or otherwise).

2.17    "Extended Warranty" means the terms of extended warranty coverage as described in Section III.A.

2.18    "Fairness Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after notice has been provided to the Settlement Class in accordance with this Settlement, and where the Court will: (a) determine whether to grant final approval to the certification of the Settlement Class; (b) determine whether to finally designate Plaintiffs as the representatives of the Settlement Class; (c) determine whether to finally designate Co-Lead Class Counsel as counsel for the Settlement Class; (d) determine whether to grant final approval to the Settlement; (e) rule on Co-Lead Class Counsel's Application for a Fee and Expense Award; (f) rule on the Class Representatives' Application for Class Representative Service Awards; and (g) consider whether to enter the Final Approval Order.

2.19    "FCA US's Counsel" means Thompson Coburn LLP, who are the attorneys of record representing FCA US.

2.20    "In-Service Date" shall mean the date on which a Settlement Class Vehicle was delivered to either the original purchaser or the original lessee; or if the vehicle was first placed in service as a "demonstrator" or "company" car, on the date such vehicle was first placed in service.

2.21    "Judgment" means the judgment to be entered by the Court in the Action finally approving this Settlement Agreement and dismissing the Action with prejudice.

2.22    "Notice" means the notices to be sent to the Class as detailed below, substantially in the same form as Exhibits B and C.

2.23    "Notice Date" means the date by which the Settlement Administrator completes the mailing of a copy of the Short-Form Notice by first class mail, postage prepaid, to each Class Member after first running the addresses of the Class Members through the National Change of

Address database.  The Notice Date shall be no later than ninety (90) days after the Court enters the Preliminary Approval Order.

2.24   "Oil Consumption Defect" means the alleged defect that causes the 2.4L Tigershark to burn off and/or consume abnormally high amounts of oil and which is alleged to result in engines shutting down without warning and releasing excessive oil into the exhaust system leading to excess emissions.

2.25   "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that the Notice be given to the Class, which Preliminary Approval Order shall be without material alteration from Exhibit D attached hereto.

2.26   "Proof of Repair-Related Expense" means the original or a copy of any document(s) generated at or around the time expense was incurred for a rental car or towing service, in direct conjunction with obtaining a Qualifying Repair, and which identifies the nature of the expense, the date the cost was incurred, and the dollar amount.

2.27   "Qualifying Repair" means any type of repair, replacement, diagnosis, or inspection of a Class Vehicle due to excess oil consumption or symptoms associated with excess oil consumption, except for any repairs for which the Proof of Repair-Related Expense reflects that the repairs were plainly unrelated to excess oil consumption.

2.28   "Released Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, actions, rights of action, remedies of any kind and/or causes of action of every nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal theory, existing now or arising in the future, by Plaintiffs and any and all Class Members based on the Oil Consumption Defect in Class Vehicles, whether arising under statute (including a state lemon law), rule, regulation, common law or

- 8 –

equity, and including, but not limited to, any and all claims, causes of action, rights or entitlements under any federal, state, local or other statute, law, rule and/or regulation, any claims relating to violation of California Business and Professions Code Sections 17200-17209, California Business and Professions Code Section 17500, or the California Consumer Legal Remedies Act (California Civil Code Section 1750-1784), any consumer protection, consumer fraud, unfair business practices or deceptive trade practices laws, any legal or equitable theories, any claims or causes of action in tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi contract, unjust enrichment, express warranty, implied warranty, secret warranty and/or any injuries, losses, damages or remedies of any kind, in law or in equity, under common law, statute, rule or regulation, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, restitution, recovery of attorneys' fees or litigation costs, or any other legal or equitable relief.  The Released Claims do not include claims for death, personal injuries, excess emissions unrelated to oil consumption issues, damage to tangible property other than a Class Vehicle, or subrogation.  Nothing in this Settlement shall be construed as a waiver, release and/or compromise of any pending automobile lemon law lawsuit pertaining to the Oil Consumption Defect.

2.29   "Releasees" shall mean jointly and severally, individually and collectively, the entities that marketed the Class Vehicles, entities that designed, developed, and/or disseminated advertisements for the Class Vehicles, FCA US, all affiliates of FCA US, and each of their respective future, present, and former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, dealers, distributors, agents, principals, suppliers, vendors, issuers, licensees, and joint ventures, and their respective future, present, and former officers,

directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this paragraph, "affiliates" means entities controlling, controlled by, or under common control with a Releasee.

2.30    "Service Awards" means the $1,000 to $3,000 ("One Thousand to Three Thousand Dollars") that FCA US has agreed to pay to each of the Plaintiffs who have served as putative class representatives in the Action, upon finalization of this agreement and approval by the Court.

2.31    "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Settlement Agreement and attached exhibits.

2.32    "Settlement Administrator" means the third-party entity who has been selected by the Parties to administer the Settlement and the claims process.

2.33    "Settlement Fund" means the sum of up to $8,000,000 (Eight Million Dollars) once funded pursuant to Section III.C, together with any interest and accretions thereto, which may be reduced by payments or deductions as provided herein or by Court order.  The Settlement Fund will be used exclusively to pay Claims for Repair-Related Expenses pursuant to Section III.C below.

2.34    "Settlement Website" shall mean the website created and maintained by the Settlement Administrator which will contain, among other things, the Notice and Claim Forms, and documents related to the settlement.

### III.    SETTLEMENT CONSIDERATION

In consideration for the Settlement, entry of judgment, and dismissal, and for the release provided herein, FCA US agrees to provide the following consideration to the Class:

**A.      Extended Warranty.**

3.1      Beginning no later than the first day after the Effective Date, FCA US will extend its existing Powertrain Limited Warranty, applicable to the Class Vehicles, to cover the cost of all parts and labor needed to repair a condition caused by the Oil Consumption Defect, to a period of seven (7) years or one hundred thousand (100,000) miles (whichever occurs first) from the In-Service Date of the Class Vehicle.  Except for the durational limits, the terms, conditions, and exclusions of the Powertrain Limited Warranty applicable to the Class Vehicles shall apply.

3.2      The Extended Warranty follows the Class Vehicles and is not personal to any owner or lessee.

3.3      The Class Members shall not be required to present the Notice, Claim Form, or any other Settlement-related document in order to receive warranty service at an authorized FCA US dealership.

3.4      All rights otherwise available to owners and lessees under preexisting warranties will continue to remain available to Class Members notwithstanding the implementation of this Settlement.  Nothing in this Settlement will be construed as diminishing or otherwise affecting any other express or implied warranties covering the Class Vehicles.

3.5      FCA US may implement or continue to implement any additional customer satisfaction or goodwill policy, program, or procedure at their discretion, and may extend goodwill consideration to individual Class Members on a case-by-case basis, without regard to their entitlement to relief under the Settlement.  No such goodwill decision by FCA US, however, shall act to deprive a Class Member or Claimant of the benefits available under the Settlement.

**B.      Product Improvements.**

3.6      FCA US acknowledges that the Customer Service Notifications it has implemented to remedy the Oil Consumption Defect, including specifically CSN W20, CSN W80, and

CSN W84, represent part of the consideration to the Class in exchange for the Settlement in this Action.

3.7    All Class Members who are current owners or lessees of a Class Vehicle subject to CSN W20 and CSN W84 are entitled to bring their vehicle to any authorized FCA US dealership to have the Powertrain Control Module (PCM) or PCM and Transmission Control Module (TCM) reprogrammed to repair any Oil Consumption Defect that may exist in their Class Vehicle.

3.8    All Class Members who are current owners or lessees of Class Vehicles subject to CSN W80 may have an oil consumption test performed, free of charge, by any authorized FCA US dealership.  If the Class Vehicle fails the oil consumption test, the Class Member is entitled to have an authorized FCA US dealership replace the vehicle's engine long block pursuant to CSN W80 at no cost to the Class Member.

**C.    Claims Procedure—Repair-Related Reimbursements.**

3.9    In connection with CSN W20, CSN W80, and CSN W84, any Class Member who paid for a repair relating to the Oil Consumption Defect is entitled to submit a claim for reimbursement to www.fcarecallreimbursement.com.  FCA US will provide to Co-Lead Class Counsel data, prior to the motion for preliminary approval and again prior to the motion for final approval, showing the number of claims submitted and the number of claims paid.

3.10    FCA US will reimburse Class Members the costs of towing and repair-related transportation expenses such as a rental car ("Repair-Related Reimbursements") that were incurred in connection with a Qualifying Repair.  Within 30 days of the Effective Date or within 30 days of the end of the Claims Period, whichever is later, FCA US will deposit the portion of the Settlement Fund necessary to cover valid Claims relating to Repair Related Reimbursements into the Escrow Account.  Reimbursements to Class Members for Repair-Related Reimbursements pursuant to this Settlement are limited to a total of $8,000,000 ("Eight Million Dollars").  In the

event Claims for Repair-Related Reimbursements exceed $8,000,000, Claims will be adjusted on a *pro rata* basis.

3.11    To the extent any Claimant incurred expenses for a rental car or towing service related to the Oil Consumption Defect or obtaining a Qualifying Repair for a Class Vehicle, the Claimant shall be entitled to reimbursement provided that:

(a)    A Claim is submitted within the Claims Period;

(b)    The Claim contains a completed Claim Form; and

(c)    The Claim contains a Proof of Repair-Related Expense that reflects a Qualifying Repair performed within 24 hours of the incurred rental car or towing expense.

3.12    In the event a Claimant cannot provide proof of a Qualifying Repair, the Settlement Administrator will communicate with FCA US to request a copy.

3.13    Claimants making a Claim for towing expenses shall be entitled to full reimbursement.  Claims for rental car expenses shall be capped at $300 per Claim.

3.14    Claimants previously reimbursed in full or in part for rental car or towing expenses related to the Oil Consumption Defect or obtaining a Qualifying Repair (e.g., through an FCA US or dealership goodwill payment) shall not be entitled to a reimbursement under this Settlement for that portion of the expense for which they have already been reimbursed.

**D.    Cash Compensation for Class Vehicles Subject to CSN W80 that had an Engine Long Block Replacement.**

3.15    All Class Members whose vehicle is subject to CSN W80 will automatically receive a cash payment of $340 (Three-Hundred Forty Dollars) if their vehicle is diagnosed as having an Oil Consumption Defect and receives an engine long block replacement.

3.16    FCA US shall work directly with its dealership network to acquire the necessary data to identify which Class Members received an engine block replacement under CSN W80.

FCA US will provide that data directly to the Settlement Administrator. The Settlement Administrator will then mail a check directly to the Class Members identified by FCA US.

### E.    Costs of Administration and Notice.

3.17    FCA US shall be responsible for all Administration Expenses including Notice. In no event shall Plaintiffs' Counsel or the Class be responsible for any Administration Expenses.

## IV.    CLAIMS ADMINISTRATION

### A.    Review and Payment of Claims

4.1    Claims submitted pursuant to this Settlement may be submitted, at the election of the Claimant, by U.S. mail, email, or through the dedicated Settlement Website discussed below. The mailing address and email address to which Claimants may submit Claims, as well as Claimants' right to submit their Claims through the Settlement Website, shall be posted prominently in each of the following locations: the Short-Form Notice, Long-Form Notice, Claim Form, and dedicated Settlement Website.

4.2    The Claim Form shall provide an option for Claimants to indicate a preference for communication via regular U.S. mail instead of email. If the Settlement Administrator has an email address for a Claimant and the Claimant did not indicate on the Claim Form that he or she prefers to communicate via regular U.S. mail, the Settlement Administrator shall respond by email. In instances in which U.S. mail is used, the Settlement Administrator shall respond using the address provided on the corresponding Claim Form.

4.3    Upon receipt of a Claim, the Settlement Administrator shall review the Claim to determine whether the Claim meets all qualifications for payment set forth in this Settlement Agreement and, if so, the amount of the reimbursement owed.

4.4    Within 60 days of receiving a Claim, the Settlement Administrator shall provide written notice to the Claimant who submitted it, notifying the Claimant of:

(a)     the amount, if any, that FCA US will reimburse the Claimant under this Settlement, if approved;

(b)     the basis for the Settlement Administrator's decision to either deny or pay less than a full reimbursement (if applicable); and

(c)     the Claimant's right to attempt to cure any deficiency that led to the Settlement Administrator's proposal to award less than full reimbursement.

4.5     In response to receiving the written notice under section IV.A.4.4, Claimants may:

(a)     Attempt to cure the deficiency stated as justification for not awarding a full reimbursement, by submitting the information and/or documentation identified by the Settlement Administrator as lacking in the Claim, within 20 days of receipt of the written notice. The Settlement Administrator shall have 35 days from the date of the cure attempt to provide written notice to the Claimant stating its final determination as to the total reimbursement to be paid to the Claimant and the reasons for the reimbursement amount if less than requested; or

(b)     Accept the partial reimbursement offered by the Settlement Administrator, which acceptance will be presumed if no cure attempt is received by the Settlement Administrator within 20 days of the date of the written notice.

4.6     The Settlement Administrator's final determination shall not be disputed by FCA US, Co-Lead Class Counsel, or the Claimant.

4.7     On a monthly basis beginning 30 days after the Notice Date, the Settlement Administrator shall provide Co-Lead Class Counsel and FCA US with a copy of each final determination notice sent pursuant to section IV.4, along with the Claim Form and all other documentation associated with the Claim.

4.8     For each Claim qualifying for a reimbursement payment under this Settlement Agreement, the Settlement Administrator shall mail a check to the Claimant, at the address on the Claim Form, within 21 days of FCA US funding the Settlement Fund.  All checks will be valid for 90 days.

4.9     Nothing in this Settlement Agreement shall be read to prevent FCA US from electing, at its sole discretion and on a case-by-case basis, to implement or to continue to

implement any customer satisfaction or goodwill policy, program, or procedure at its discretion, that provides consideration to Class Members over and above that required by this Settlement, without regard to the Class Members' entitlement to relief under the Settlement.  No such election by FCA US, however, shall act to deprive a Class Member or Claimant of any of the benefits available under the Settlement.

**B.    Unused Funds**

4.10    For any checks that have not been returned as undeliverable or remain uncashed after 90 days of issuance, the Settlement Administrator shall mail a second check to the Claimant.

4.11    Any funds that remain unclaimed 90 days after the second checks are mailed shall be distributed to an appropriate *cy pres* recipient selected by the Parties and agreed to by the Court.

## V.    NOTICE TO THE CLASS

**A.    CAFA Notice.**

5.1    In compliance with the attorney general notification provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, FCA US shall cause notice of this Settlement to be provided to the Attorney General of the United States and the attorneys general of each state or territory in which a Class Member resides ("CAFA Notice"). FCA US shall bear all costs associated with effecting the CAFA Notice.

**B.    Notice Deadline.**

5.2    No later than the Notice Date, the Settlement Administrator shall cause Notice to the Class to be disseminated by U.S. mail and the dedicated Settlement Website.

**C.    Individual Class Notice Methods.**

5.3    Following the Court granting preliminary approval of this Settlement, the Settlement Administrator shall provide by direct U.S. mail, to all reasonably identifiable Class Members, a notice substantially in the form attached hereto as Exhibit C ("Short-Form Notice").

The Settlement Administrator shall further set up and maintain a Settlement Website where Class Members can access a "Long-Form Notice" (substantially in the form attached hereto as Exhibit B), a Claim Form, a copy of this Settlement Agreement, the operative complaint, and additional information about the Action and Settlement.  The Short-Form Notice will include the address of the Settlement Website, as well as a toll-free number for an interactive voice recording service that allows Class Members to leave a request for a paper copy of the Long-Form Notice.

5.4     For purposes of mailing Notice, FCA US agrees to provide to the Settlement Administrator within 21 days of entry of the Preliminary Approval Order all available names and mailing address information for original and subsequent purchasers and lessors of each Class Vehicle, along with those Class Vehicles' VINs.  The Settlement Administrator shall provide all available contact information, including all Class Vehicles' VINs, to R.L. Polk & Company, or a similar third-party entity, which shall be authorized to use that information to obtain the names and most current addresses of Class Vehicle owners through state agencies.  Prior to mailing the individual Short-Form Notice, the Settlement Administrator shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Class Members.

5.5     The Parties agree that the names and addresses provided to the Settlement Administrator shall not be used for any purpose other than for providing the written notice identified herein and that such names and addresses shall be treated as private and confidential information and not disseminated, in any manner, to anyone other than the Settlement Administrator.  The Parties agree to seek entry of an Order by the Court mandating that FCA US provide the names and addresses to the Settlement Administrator and that such information be treated as private, confidential, and proprietary.

5.6     For all Class Members for whom the Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Notice to the new address indicated. For all Class Members for whom the Notice is returned without forwarding address information, the Settlement Administrator shall perform an advanced address search and re-mail the Notice to the best known address resulting from that search.

5.7     For a period ending 90 days after the Notice Date, the Settlement Administrator shall provide Co-Lead Class Counsel and FCA US with reasonable periodic reports of the total number of Notices sent to Class Members by U.S. mail, along with the numbers of Notices returned as undeliverable.  The Settlement Administrator shall communicate with Co-Lead Class Counsel and FCA US regarding delivery of Notice and the number of Class Members who have responded to the Notice.

## VI.     ATTORNEYS' FEES AND SERVICE PAYMENTS

6.1     The Attorneys' Fees and Expenses awarded to Co-Class Counsel will be determined by the Court based on a petition filed by Co-Class Counsel.  The Parties agree that Co-Lead Class Counsel may apply to the Court for an award of reasonable attorneys' fees and expenses, inclusive of costs up to, but not to exceed, the total combined sum of $7,500,000 (Seven Million Five Hundred Thousand Dollars).  FCA US will not oppose Co-Lead Class Counsel's application for Attorneys' Fees and Expenses up to and not exceeding the above amounts, and Co-Lead Class Counsel may not be awarded, and shall not accept, any amount for attorneys' fees and expenses in excess of the above amount.  Each party shall have the right of appeal to the extent the award is inconsistent with this Agreement.  Attorneys' Fees and Expenses shall be in addition to the benefits provided directly to the Settlement Class (and shall be in addition to the class representative Service Awards) and shall not reduce or otherwise have any effect on the benefits made available to the Settlement Class.

6.2     Upon finalization of this Settlement Agreement, the Parties have agreed that FCA US will not oppose Plaintiffs' request, made as part of the Attorneys' Fees and Expenses Application, that FCA US separately pay Service Awards ranging between $1,000 to $3,000 (One Thousand to Three Thousand Dollars) to each of the Class Representatives.

6.3     FCA US shall pay Co-Lead Class Counsel the fees, expenses, and service payments awarded by the Court within the latter of 30 days following: (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order.  Within 3 days following (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order, Co-Lead Class Counsel shall provide FCA US a W-9 for each payee, as well as wire instructions on their firm letterhead for the payment to Co-Lead Class Counsel of fees, expenses, and service payments awarded by the Court.

## VII.    RELEASE

7.1     Upon entry of a Court order granting final approval of the Settlement and entering judgment pursuant to section VIII.C below, Plaintiffs and the Settlement Class irrevocably release, waive, and discharge any and all past, present, and future Released Claims, damages, costs, attorneys' fees, losses, or demands that have been brought or could have been brought, whether known or unknown, existing or potential, or suspected or unsuspected relating to the Oil Consumption Defect in the Class Vehicles against Releasees, whether or not specifically named herein, asserted or unasserted, under or pursuant to any statute, regulation, common law, or equitable principle, based on the facts alleged in any complaint filed in the Action and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which

could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters pleaded in complaints filed in the Action related to issues of oil consumption, including any claims for issues related to oil consumption that are covered by and remedied under the Extended Warranty and other benefits described in Sections III.A through III.D (including the Extended Warranty, Repair Related Reimbursements, and cash compensation for vehicles in the CSN W80 population).

7.2     The Settlement Agreement and Release in Section 7.1 do not release claims for death, personal injuries, or excess emissions unrelated to oil consumption issues.  The release effected by this Settlement Agreement is intended to be a specific release and not a general release. If, despite and contrary to the Parties' intention, a court construes the release as a general release under California law and determines that Section 1542 of the California Civil Code is applicable to the release, the Class Representatives, on behalf of themselves and all Class Members, hereby expressly waive and relinquish to the fullest extent permitted by law, the rights provided by Section 1542 of the California Civil Code, which provides:

> *<u>Certain Claims Not Affected By General Release</u>: A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Each of the Class Representatives expressly acknowledges that the Class Representative has been advised by Co-Lead Class Counsel of the contents and effects of Section 1542, and with knowledge, each of the Class Representatives hereby expressly waives, on behalf of the Class Representative and all Class Members, whatever benefits the Class Representatives and the Class Members may have had pursuant to such section.  Each of the Class Representatives hereby expressly waives, on behalf of the Class Representative and all Class Members, the benefit of any law of any state or territory of the United States, federal law or principle of common law, or of

international or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

7.3     Plaintiffs and Class Members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and Judgment, Releasors fully, finally, and forever settle and release any and all Released Claims against Releasees.  The Parties acknowledge that this waiver and release were bargained for and are material elements of the Settlement.

7.4     By this Settlement Agreement, FCA US releases the Plaintiffs and Plaintiffs' Counsel from any and all claims or causes of action that were, or could have been, asserted by FCA US pertaining to this Action or Settlement.  FCA US recognizes that, even if it later discovers facts in addition to or different from those which they now know or believe to be true, it nevertheless agrees that, upon entry of an order granting final approval to this Settlement and entering judgment, FCA US, fully, finally, and forever settles and releases any and all such claims. The Parties acknowledge that this waiver and release were bargained for, and are material elements of the Settlement.

7.5     This Settlement and the release in the preceding paragraph do not affect the rights of Class Members who timely and properly request exclusion from the Class, or anyone encompassed within the class definitions set forth in the complaints in this Action who are not a member of the Class defined in this Settlement Agreement.  The Parties do not intend this Settlement Agreement and release to affect any legal claims that arise out of a consumer's purchase or use of any vehicle other than a Class Vehicle.

7.6     The administration and consummation of the Settlement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement.

The Court retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to the Settlement and allowing for discovery related to objectors.

7.7     Upon issuance of the Final Approval Order and Judgment: (i) the Settlement shall be the exclusive remedy for Class Members; (ii) Releasees shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Action except as set forth herein; and (iii) Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the Releasees.

## VIII.   SETTLEMENT APPROVAL PROCESS

### A.     Intention to Complete Settlement.

8.1     The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement and the transactions contemplated hereby.  Plaintiffs shall prepare all preliminary approval and final approval papers.

8.2     If the Preliminary Approval Order or the Final Approval Order and Judgment is not obtained from the Court in the form contemplated by this Settlement or Final Approval Order and Judgment is reversed or materially modified on appeal, this Settlement shall be null and void ab initio upon election of any of the Parties and have no further force and effect with respect to any of the Parties in this Action.  Nothing in this provision shall affect FCA US's obligation to pay all costs reasonably incurred by the settlement administration process.

**B.    Preliminary Court Approval.**

8.3    Promptly after execution of this Settlement by the Parties, counsel for the Parties shall present this Settlement to the Court for review and jointly seek entry of an order that certifies the Class as a settlement class, grants preliminary approval of this Settlement, and directs the Settlement Administrator to provide notice of the Settlement in the manners listed herein.

8.4    No later than 20 days before the Court hearing on final approval of the Settlement, the Settlement Administrator shall provide affidavits for the Court, with a copy to Co-Lead Class Counsel and FCA US, attesting that Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or as otherwise required by the Court.

**C.    Final Court Approval.**

8.5    Once the Court enters a preliminary approval order, counsel for the Parties shall use their best efforts to promptly obtain entry of a Final Approval Order and Judgment that:

        (a)    Finds the Settlement to be fair, reasonable, and adequate;

        (b)    Finds that the Notice given constitutes the best notice practicable;

        (c)    Approves the release specified in Section VI as binding and effective as to all Class Members who have not properly excluded themselves from the Class;

        (d)    Directs that judgment be entered on the terms stated herein; and

        (e)    Provides that the Court will retain jurisdiction over the Parties and Class Members to enforce the terms of the final order and judgment.

8.6    Upon entry of the final order and judgment, this Action shall be dismissed, on its merits and with prejudice, with respect to all Plaintiffs and all Class Members who have not properly excluded themselves from the Class, and without prejudice as to anyone else, subject to the continuing jurisdiction of the Court.

## IX.    REQUESTS FOR EXCLUSION

9.1     The provisions of this section shall apply to any request by a Class Member for exclusion from the Class.

9.2     Any Class Member may make a request for exclusion by submitting such request in writing as set forth in the Notice.

9.3     Any request for exclusion must be submitted no later than the date specified in the Court's preliminary approval order.

9.4     Any request for exclusion shall (i) state the Class Member's full name and current address, (ii) provide the model year and Vehicle Identification Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Class.

9.5     Failure to comply with these requirements and to timely submit the request for exclusion will result in the Class Member being bound by the terms of the Settlement Agreement.

9.6     Any Class Member who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

9.7     The Settlement Administrator shall report the names of all Class Members who have submitted a request for exclusion to the Parties on a weekly basis, beginning 30 days after the Notice Date.

9.8     Co-Lead Class Counsel represent and warrant that they have no other agreements with other counsel respecting Class Members, including any agreements with respect to referring, soliciting, or encouraging any Class Members to request to be excluded (or "opt out") from this agreement.

9.9     Upon certification of the Class in connection with the Preliminary Approval of this agreement, Co-Lead Class Counsel agree to seek in the Preliminary Approval Order from the Court a provision encouraging all written communications to multiple Class Members with respect to this Agreement to be reviewed and approved by Co-Lead Class Counsel and the Court, and Co-Lead Class Counsel agree to abide by that provision as may be required by the Court.

## X.     OBJECTIONS

10.1     The Parties will request that the Court enter an order requiring any Class Member who wishes to enter an objection to be considered, to submit a written notice of objection to the Settlement Administrator by the deadline set in the Court's Preliminary Approval Order.

10.2     To state a valid objection to the Settlement, an objecting Class Member must provide the following information in his, her, or its written objection: (i) the case name and number, *Amber Wood, et al. v. FCA US LLC*, No. 20-cv-11054 (E.D. Mich.); (ii) his/her/its full name, current address, and current telephone number; (iii) the model year and VIN of his/her/its Class Vehicle(s); (iv) a statement of the objection(s), including all factual and legal grounds for the position; (v) copies of any documents the objector wishes to submit in support; (vi) the name and address of the attorney(s), if any, who is representing the objecting Class Member in making the objection or who may be entitled to compensation in connection with the objection; (vii) a statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection; (ix) the signature of the Class Member objecting, in addition to the signature of any attorney representing the Class Member objecting in connection with the objection, and (x) date the objection.  In addition, any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's

counsel, to any class action settlements submitted in any court in the United States in the previous five years.  If the Class Member or his or her counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

10.3    If the objecting Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Class Member must so state in the objection.  Any Class Member who does not state his or her intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

10.4    The Parties will request that the Court enter an order providing that the filing of an objection allows Co-Lead Class Counsel or FCA US's Counsel to notice such objecting person for, and take his, her, or its, deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard.  The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

10.5    Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

10.6    These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

10.7    Any Class Member who fails to file and timely serve a written objection containing all of the information listed in paragraphs 10.2 and 10.3 above, including notice of his/her intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

10.8    The Parties shall promptly inform the Court of any consideration sought by an objector and the circumstances of such a request.

## XI.    MISCELLANEOUS

### A.    Choice of Law.

11.1    This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Michigan without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

### B.    Not Evidence.

11.2    The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever to any other party.

11.3    Neither this Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of it, (a) is, or may be deemed to be, or may be used as, an admission

of, or evidence of, the validity of any legal claim made by Plaintiffs or Class Members, or of any wrongdoing or liability of FCA US; or (b) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of Releasees in any proceeding in any court, administrative agency, or other tribunal.

11.4    This provision shall survive the expiration or voiding of the Settlement Agreement.

## C.    Headings.

11.5    The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

## D.    Effect of Exhibits.

11.6    The exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

## E.    Entire Agreement.

11.7    This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this agreement.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this agreement has been made or relied on except as expressly set forth in this Settlement Agreement.  No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or Party against whom enforcement of the Settlement Agreement is sought.

010902-11/1806073 V1

F.      **Counterparts.**

11.8    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it, and all of which shall be deemed a single agreement.

G.      **Arm's Length Negotiations.**

11.9    The Parties have negotiated all terms and conditions of this Settlement Agreement at arm's length. The provisions for Attorneys' Fees and Expenses and Service Awards set forth herein were negotiated separately from and after agreement on the provisions for relief to Plaintiffs and the Class.

11.10   All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

11.11   The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Agreement.

H.      **Public Statements.**

11.12   The Parties and their Counsel agree to keep the substance of this agreement confidential until the date on which the agreement is filed with the Court, provided that this Section shall not prevent FCA US from disclosing such information, prior to the date on which the agreement is filed, to state and federal agencies, independent accountants, actuaries, advisors,

financial analysts, insurers, or attorneys, nor shall it prevent the Parties and their Counsel from disclosing such information to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of the agreement; provided further that FCA US may disclose publicly the terms of the agreement that it deems necessary to meet its regulatory obligations or fiduciary duties; and provided further that Plaintiffs may disclose the terms to their expert(s).  Neither the Parties nor their Counsel shall issue (or cause any other Person to issue) any press release concerning the existence or substance of this agreement.

**I.      Good Faith.**

11.13   The  Parties   acknowledge   that   prompt   approval,   consummation,   and implementation of this Settlement is essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, shall promptly perform their respective obligations hereunder, and shall attempt to resolve any dispute that may arise under this Settlement in a good faith and expeditious manner.

**J.      Continuing Jurisdiction.**

11.14   The Parties agree the Court may retain continuing and exclusive jurisdiction over them, and all Class Members, for the purpose of the administration and enforcement of this Settlement.

**K.      Extensions of Time.**

11.15   The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement without further notice (subject to Court approval as to court dates).

**L.    Service of Notice.**

11.16    Whenever, under the terms of this Settlement Agreement, written notice is required

to FCA US or Co-Lead Class Counsel, such service or notice shall be directed to the individuals

and addresses specified below, unless those individuals or their successors give notice to the other

parties in writing:

> <u>As to Plaintiffs:</u>
> Christopher R. Pitoun
> HAGENS BERMAN SOBOL SHAPIRO, LLP
> 301 N. Lake Ave, Suite 920
> Pasadena, CA 91101
>
> <u>As to Defendant:</u>
> Stephen A. D'Aunoy
> THOMPSON COBURN LLP
> One US Bank Plaza
> St. Louis, Missouri 631010

IN WITNESS HEREOF, each of the Parties hereto has caused this agreement to be

executed, as of the day(s) set forth below.

Dated: ~~February~~ *March* 23, 2022

HAGENS BERMAN SOBOL SHAPIRO, LLP

By:_____

THE MILLER LAW FIRM, PC

By_____

MCGUIRE LAW, PC

By:_____

*Co-Lead Class Counsel for Plaintiffs and the Class*

– 31 –

**L.      Service of Notice.**

11.16   Whenever, under the terms of this Settlement Agreement, written notice is required to FCA US or Co-Lead Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing:

As to Plaintiffs:
Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO, LLP
301 N. Lake Ave, Suite 920
Pasadena, CA 91101

As to Defendant:
Stephen A. D'Aunoy
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 631010

IN WITNESS HEREOF, each of the Parties hereto has caused this agreement to be executed, as of the day(s) set forth below.

Dated: February ___, 2022

HAGENS BERMAN SOBOL SHAPIRO, LLP


By:_____


THE MILLER LAW FIRM, PC


By:_____


MCGUIRE LAW, PC


By:_____
*myles mcguire*

*Co-Lead Class Counsel for Plaintiffs and the Class*

- 31 –

APPROVED AND AGREED TO BY AND ON BEHALF OF PLAINTIFFS

Dated: February ___, 2022

By:_____
      AMBER WOOD

Dated: February ___, 2022

By:_____
      THOMAS WEINER

Dated: February ___, 2022

By:_____
      KAREN BURKE

Dated: February ___, 2022

By:_____
      NICK GIZZARELLI

Dated: February ___, 2022

By:_____
      GUY WEST

Dated: February ___, 2022


By:_____
      KYLE DAVIS


Dated: February ___, 2022


By:_____
      REBEKAH AEREN WRIGHT


Dated: February ___, 2022


By:_____
      CATHERINE COPPINGER


Dated: February ___, 2022


By:_____
      KIMBERLY EAGER


Dated: February ___, 2022


By:_____
      ROBERTO HERNANDEZ


Dated: February ___, 2022


By:_____
      MIKAELYN MCDOWELL

010902-11/1806073 V1

Dated: February ___, 2022


By:_____
      ROSALIND BURKS


Dated: February ___, 2022


By:_____
      HOLLY HICKMAN


Dated: February ___, 2022


By:_____
      AMBER PORTUGAL


Dated: February ___, 2022


By:_____
      MICHAEL SANCHEZ


Dated: February ___, 2022


By:_____
      ADAM DYER


Dated: February ___, 2022


By:_____
      ARTEAL JORDAN

Dated: February \_\_\_, 2022


By:_____
      VIVIEN NAGY


Dated: February \_\_\_, 2022


By:_____
      KATLYN WILLS


Dated: February \_\_\_, 2022


By:_____
      CHERYL MILLER


Dated: February \_\_\_, 2022


By:_____
      KELLY JOHNSON


Dated: February \_\_\_, 2022


By:_____
      HOLLY KUNDEL


Dated: February \_\_\_, 2022


By:_____
      RYAN HALL

Dated: February \_\_\_, 2022


By:_____
      DANIELLE COATES


Dated: February \_\_\_, 2022


By:_____
      KELSEY WILLIAMS


Dated: February \_\_\_, 2022


By:_____
      DANIEL SCOTT


Dated: February \_\_\_, 2022


By:_____
      RYAN GRAHAM


Dated: February \_\_\_, 2022


By:_____
      ROBERT JOHNSTON


Dated: February \_\_\_, 2022


By:_____
      DEBORAH JOHNSTON

010902-11/1806073 V1

Dated: February \_\_\_, 2022

By:_____
     MICHELLE SCHMID


Dated: February \_\_\_, 2022

By:_____
     NATHANEAL ROMANCHUK


Dated: February \_\_\_, 2022

By:_____
     NICOLETTE WATSON


Dated: February \_\_\_, 2022

By:_____
     DESIREE TARRO


Dated: February \_\_\_, 2022

By:_____
     PAMELA ANDERSON


Dated: February \_\_\_, 2022

By:_____
     CAREN CHRISTMAN

- 37 –

Dated: February ___, 2022

By:_____
     JOSHUA CAPLES

Dated: February ___, 2022

By:_____
     LUIS MUNOZ

Dated: February ___, 2022

By:_____
     SHERRI MCCALL

Dated: February ___, 2022

By:_____
     KRISHAWN DURHAM

Dated: February ___, 2022

By:_____
     KATIE KUCZKOWSKI

Dated: February ___, 2022

By:_____
     DANIEL MCGORREY

010902-11/1806073 V1

Dated: February \_\_\_, 2022

By: _____
      TERA CASTILLO

APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANT, FCA US LLC

Dated: March 21, 2022

By: *Janet H. Delecke*

Title: *Sr. Counsel*

010902-11/1806073 V1

# Exhibit A

Claims can be submitted electronically at www.xxxxxxxxx.com.

## FCA US CLAIM FORM

*Amber Wood, et al. v. FCA US, LLC*, No. 5:20-cv-11054 (E.D. Mich.)

**All claims must be postmarked or submitted electronically by _____.**

Four Steps to Make a Claim for Repair-Related Reimbursement

**[1] Please provide the information in the spaces below:**

First Name: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚  MI: __  Last Name: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

Address 1: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

Address 2: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

City: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚  State: ⬚⬚

ZIP Code: ⬚⬚⬚⬚⬚ – ⬚⬚⬚⬚

Email: (If you choose to provide your email address, FCA US will contact you about the Settlement by email.)
⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

Phone: ⬚⬚⬚ – ⬚⬚⬚ – ⬚⬚⬚⬚

**Please provide your Vehicle Identification Number ("VIN") and current vehicle mileage.**

VIN: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚  Mileage: ⬚⬚⬚⬚⬚⬚

**[2] Indicate the amount of the repair-related reimbursement you are claiming and enclose the required corroborating documentation set forth below.**

$ ⬚⬚⬚⬚⬚ . ⬚⬚

**Documentation:** To ensure proper claim handling, you must include with the claim form a copy of a receipt and/or other documents showing:

- the amount(s) of the expense(s) for which you are seeking reimbursement (*i.e.*, expenses for a rental car and/or towing service);
- the date when you paid for the rental car and/or towing service;
- the amount paid (*e.g.* receipt, credit card statement, bank statement) ***and***
- the nature of the corresponding Qualifying Repair (that occurred within 24 hours of incurring any rental car and/or towing service expenses claimed);

***Note:*** *You may request documentation from the FCA US dealership where the repair was performed.* ***If you paid in cash and have no receipt, you must attach to this Claim Form a statement detailing the date, amount paid, and name of the service provider to whom the amount was paid. Your signature on this Claim Form will constitute your attestation that the statement is correct.***

**[3] Sign & Date**

I swear that all information supplied in and with this Claim Form, including any separate statement being provided,

*For more information or questions about submitting a claim, please view the Class Notice at www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.*

Claims can be submitted electronically at www.xxxxxxxxx.com.

is true and correct to the best of my knowledge and belief. I agree to participate in the Settlement.  I authorize any dealership that serviced my vehicle to release records to FCA US.  To the extent I am seeking reimbursement for an expense and do not have a receipt or other documentation for the corresponding cash payment, I attest that I (or a friend or family member) paid for the expense in cash and I do not have a receipt or documentation for the payment.

Signature: _____                ⬜⬜⬜⬜⬜⬜⬜⬜   Date:

**[4] Submit:** Email the completed form and the documentation to _____ or mail it to _____.

*For more information or questions about submitting a claim, please view the Class Notice at www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.*

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**NOTICE OF PROPOSED CLASS SETTLEMENT**

**A proposed class action settlement may affect your rights and entitle you to cash compensation if you purchased or leased one of the following vehicles equipped with a 2.4L Tigershark engine:**

**2015-2017 Chrysler 200
2013-2016 Dodge Dart
2014-2019 Jeep Cherokee (manufactured prior to July 2018)
2015-2018 Jeep Renegade
2017-2018 Jeep Compass
2015-2018 Ram Promaster City
2016-2018 Fiat 500x**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*Your rights are affected regardless of whether you act or do nothing. Read this notice carefully.*

▪ The purpose of this notice is to inform you of a proposed settlement of a class action lawsuit known as *Wood, et al. v. FCA US, LLC*, No. 5:20-cv-11054 (E.D. Mich.). You are receiving this notice because records available to the parties indicate that you may be entitled to claim certain financial and warranty benefits offered by this Settlement.

▪ This Action alleges that the 2.4L Tigershark engine in model-year 2015-2017 Chrysler 200, 2013-2016 Dodge Dart, 2014-2019 Jeep Cherokee (manufactured prior to July 2018), 2015-2018 Jeep Renegade, 2017-2018 Jeep Compass, 2015-2018 Ram Promaster City, and 2016-2018 Fiat 500x vehicles ("Class Vehicles") suffer from a defect that causes the engine to consume abnormally high amounts of oil that may result in an unexpected shut down during the normal course of operation ("Oil Consumption Defect").

▪ FCA US has not been found liable for any of the claims alleged in this Action, and FCA US denies the engines are defective. The Court has not decided who is right. The Parties have instead reached a voluntary settlement to avoid lengthy litigation and expedite relief to consumers. The consumers who owned or leased Class Vehicles are known as "Class Members."

▪ FCA US has implemented Customer Service Notifications ("CSN") applicable to the Class Vehicles to remedy a condition that may exist in some vehicles whereby an engine may consume more oil than usual under certain operating conditions like continuous stop and go driving, and to reimburse owners for prior repairs.

- In connection with the CSNs, a previous payment for a repair or replacement as a result of an excess oil consumption diagnosis will be reimbursed.  Any Class Member who paid for a repair relating to the Oil Consumption Defect is entitled to submit a claim for reimbursement.

- In addition to this, the proposed Settlement extends the Powertrain Limited Warranty to 7 years or 100,000 miles (whichever occurs first) ("Extended Warranty") to cover the cost of all parts and labor to repair conditions associated with excess oil consumption.

- Under the proposed Settlement, FCA US will also create an $8,000,000 settlement fund to reimburse Class Members who incurred towing or rental car expenses in connection with obtaining a repair for a condition caused by excess oil consumption.  Subject to approval, claims for towing expenses shall be entitled to full reimbursement and claims for rental car expenses will be capped at $300.

- Additionally, all Class Members whose vehicle is subject to CSN W80 will automatically receive a **<u>cash payment</u>** of $340 if their vehicle is diagnosed as having excess oil consumption and receives or has received an engine long block replacement.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM ONLINE FOR REPAIRS YOU PAID FOR** | If you paid for a repair relating to excess oil consumption, you can submit a claim for reimbursement at www.fcarecallreimbursement.com.  The claim process is simple and should take most class members no longer than a few minutes to complete. |
| **SUBMIT A CLAIM FORM FOR REPAIR-RELATED EXPENSES** | If you incurred towing or rental car expenses in connection with a repair of a condition caused by the alleged Oil Consumption Defect, you can submit a Claim Form for reimbursement.  The deadline to submit a Claim Form is _____, 2022.  Any extension of that date will be posted on the Settlement website.<br><br>It is not necessary to submit a Claim Form to benefit from the Extended Warranty, to have your vehicle repaired pursuant to any of the CSNs issued by FCA US, or to obtain the $340 cash payment if your vehicle is subject to CSN W80 and has had a related engine long block replacement. |
| **RECEIVE REPAIRS UNDER FCA US CUSTOMER SERVICE NOTIFICATIONS** | Your vehicle may qualify for a free repair under one of the CSNs issued by FCA US to remedy a potential condition that can cause excess oil consumption.  If you have not already received this repair, please contact your authorized FCA US dealership to determine which CSN may be applicable to your vehicle. |
| **DO NOTHING** | If you do nothing, you will be included in the Settlement and will be automatically eligible to receive the Extended Warranty benefits and a $340 cash payment if your vehicle is subject to CSN W80 and has had a related engine long block replacement. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not be eligible for the reimbursement of any expenses relating to a Qualifying Repair, the benefits of the Extended Warranty, or any cash payment.  This is the only option that allows you to file your own lawsuit against FCA US related to the alleged Oil Consumption Defect.  The deadline to submit a request for exclusion is _____, 2022. |
| **OBJECT** | In order to object to the Settlement, you must remain a Class Member in this lawsuit.  You cannot ask to be excluded.  You may object to the Settlement by writing to Class Counsel (identified on page 9) and indicating why you do not like the Settlement.  The deadline to object is _____, 2022. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.
- The Court in charge of this case must still decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after appeals are resolved.  The Court approval process may take some time, so please be patient.
- *Visite www.xxxxxxxxx.com para obtener una copia de este aviso en español.*

For more information, visit www.FCAOilSettlement.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

3

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ..................................................................................................................**5**
1.   Why did I get this notice package? ...............................................................................5
2.   What is this lawsuit about? ..........................................................................................5
3.   Why is this a class action? ...........................................................................................5
4.   Why is there a settlement? ...........................................................................................5

**WHO IS IN THE SETTLEMENT?** ...................................................................................................**6**
5.   How do I know if I am part of the Settlement? .............................................................6
6.   Which vehicles are included? .......................................................................................6
7.   Am I included if I bought or leased a Class Vehicle that has not had problems? .....................6
8.   I am still not sure if I'm included. ................................................................................7

**SETTLEMENT BENEFITS – WHAT YOU GET** .............................................................................**7**
9.   What does the Settlement provide? ...............................................................................7

**HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM** ...........................................**8**
10.  How do I make a Claim? ..............................................................................................8
11.  When would I get my reimbursement? .........................................................................9
12.  What if my Claim is found to be deficient? ................................................................10
13.  What am I giving up by staying in the Class? ..............................................................10

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...................................................................**11**
14.  How do I get out of the Settlement? ...........................................................................11
15.  If I don't exclude myself, can I sue for the same thing later? ......................................11
16.  If I exclude myself, can I get the benefits of this Settlement? .....................................12

**THE LAWYERS REPRESENTING YOU** .......................................................................................**12**
17.  Do I have a lawyer in this case? .................................................................................12
18.  How will the lawyers be paid, and will the Class Representatives receive service payments? 12

**OBJECTING TO THE SETTLEMENT** ...........................................................................................**13**
19.  How do I object to the Settlement? .............................................................................13
20.  What is the difference between objecting and excluding? ............................................14

**THE COURT'S FAIRNESS HEARING** .........................................................................................**14**
21.  When and where will the Court decide whether to approve the Settlement? .................14
22.  Do I have to come to the Fairness Hearing? ...............................................................14
23.  May I speak at the Fairness Hearing? .........................................................................14

**IF YOU DO NOTHING** ...............................................................................................................**15**
24.  What happens if I do nothing at all? ...........................................................................15

**GETTING MORE INFORMATION** ...............................................................................................**15**
25.  Are there more details about the Settlement? ..............................................................15
26.  How do I get more information? .................................................................................15

**WHAT ARE THE ADDRESSES YOU MAY NEED** .........................................................................**16**

For more information, visit www.xxxxxxxxx.com, or call the Settlement
Administrator at 1-xxx-xxx-xxxx.

4

## BASIC INFORMATION

**1.   Why did I get this notice package?**

According to vehicle records available to the parties, you bought or leased a Class Vehicle in the United States.  The Court has ordered this notice be sent to you because you have a right to know about the proposed settlement of this class action lawsuit and about your options before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, FCA US will provide payments and other benefits agreed to in the Settlement.  This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. *You should read this entire notice*.

**2.   What is this lawsuit about?**

The people who filed this lawsuit are called Plaintiffs, and the company they sued, FCA US, is called the Defendant.  The Plaintiffs allege that the Class Vehicles suffer from an Oil Consumption Defect that causes the engine to consume abnormally high amounts of oil resulting in unexpected shut down of the Class Vehicles during the normal course of operation. FCA US has not been found liable for any of the claims alleged in this Action, and FCA US denies the engines are defective.  The Court has not decided who is right.

**3.   Why is this a class action?**

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case Amber Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherin Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid, Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo), sue on behalf of people who may have similar claims.  These individuals, and those who are similarly situated, are collectively known as the "Class" or "Class Members."  One court resolves the issues for all Class Members, except those who exclude themselves from the Class.  The Court in charge of this case is the United States District Court for the Eastern District of Michigan, and the case is known as *Wood, et al. v. FCA US, LLC*, No. 5:20-cv-11054 (E.D. Mich.).  District Judge Judith Ellen Levy is presiding over this class action.

**4.   Why is there a settlement?**

The Class Representatives and FCA US agreed to a Settlement to avoid the cost and risk of further litigation, including a potential trial.  The Settlement does not mean that FCA US broke any laws and/or did anything wrong, and the Court has not decided which side is right.

The Class Representatives and FCA US entered into an agreement ("Settlement Agreement") that was preliminarily approved by the Court that authorized the issuance of this notice.  The Class Representatives and the lawyers representing them (called "Class Counsel") believe that the Settlement is in the best interest of the Class Members.

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

5

This notice summarizes the essential terms of the Settlement. The Settlement Agreement along with all exhibits and addenda set forth the rights and obligations of all the Parties in greater detail. These documents are all available for review at www.xxxxxxxxx.com. ***If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs***.

## WHO IS IN THE SETTLEMENT?

**5. How do I know if I am part of the Settlement?**
Judge Levy certified a Class comprised of:

> All individuals who purchased or leased in the United States one of the following vehicles equipped with a 2.4L Tigershark engine: model years 2015-2017 Chrysler 200; model years 2013-2016 Dodge Dart; model years 2014-2019 Jeep Cherokee manufactured prior to July 2018; model years 2015-2018 Jeep Renegade; model years 2017-2018 Jeep Compass; model years 2015-2018 Ram Promaster City; and model years 2016-2018 Fiat 500x.

The Class excludes FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; individuals and/or entities who validly and timely opt-out of the Settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e., salvage) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicle that previously released their claims against FCA US with respect to the same issues raised in this class action.

However, the Class excludes all claims for death, personal injury, property damage, and subrogation.

**6. Which vehicles are included?**
The "Class Vehicles," for the purposes of the description in question 5 above, are the following vehicles equipped with a 2.4-liter TigerShark engine: model years 2015–2017 Chrysler 200; model years 2013–2016 Dodge Dart; model years 2014–2019 Jeep Cherokee manufactured prior to July 2018; model years 2015–2018 Jeep Renegade; model years 2017–2018 Jeep Compass; model years 2015–2018 Ram Promaster City; and model years 2016–2018 Fiat 500x.

**7. Am I included if I bought or leased a Class Vehicle that has not had problems?**
Yes. You are still a Class Member even if you did not experience excessive oil consumption or unexpected vehicle shutdown. If you still own or lease a Class Vehicle, you will be eligible to take advantage of an extension of the Powertrain Limited Warranty to a period of 7 years or 100,000 miles (whichever occurs first), as well as certain other benefits of the Settlement.

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

6

8. **I am still not sure if I'm included.**
   If you are still not sure whether you are included, you can ask for free help.  You can visit the settlement website at www.xxxxxxxxx.com.  You can also call 1-xxx-xxx-xxxx and ask whether your vehicle is included in the Settlement.  Whether you visit the website or call the toll-free number, you will need to have your Vehicle Identification Number ("VIN") ready.  The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield.  It also appears on your vehicle registration card and probably appears on your vehicle insurance card.  Your VIN should have 17 characters, a combination of both letters and numbers.

## SETTLEMENT BENEFITS – WHAT YOU GET

9. **What does the Settlement provide?**
   The Settlement provides the following benefits:

   1. <u>Warranty Extension</u>
      The Powertrain Limited Warranty for the Class Vehicles will be extended to a period of 7 years or 100,000 miles (whichever occurs first) from the In-Service Date of the Class Vehicle.  The Extended Warranty will cover the cost of all parts and labor needed to repair a condition caused by the Oil Consumption Defect in the Class Vehicles, including the replacement of the engine long block if your vehicle is found to have failed an oil consumption test after all applicable CSNs have been performed.  Except for the durational limits, the terms, conditions, and exclusions of the Powertrain Limited Warranty applicable to the Class Vehicles shall apply.

      You do <u>NOT</u> need to submit a Claim Form to receive this Extended Warranty.

   2. <u>Product Improvements</u>
      FCA US has implemented Customer Service Notifications to remedy a condition that may exist in some vehicles whereby an engine may consume more oil than usual under certain operating conditions like continuous stop and go driving, specifically CSN W20, CSN W80, and CSN W84.  All Class Members who are current owners or lessees of a Class Vehicle subject to CSN W20 and CSN W84 are entitled to bring their vehicle to an authorized FCA US dealer to have the Powertrain Control Module ("PCM") and/or Transmission Control Module ("TCM") reprogrammed to repair the condition.

      All Class Members who are current owners or lessees of Class Vehicles subject to CSN W80 may have an oil consumption test performed, free of charge, by an authorized FCA US dealer.  If the Class Vehicle fails the oil consumption test as set forth in CSN W80, an authorized FCA US dealer will replace the vehicle's engine long block pursuant to CSN W80 at no cost to the Class Member.

   3. <u>Reimbursement for Repairs</u>
      In connection with CSN W20, CSN W80, and CSN W84, any Class Member who paid for a repair relating to the Oil Consumption Defect is entitled to submit a claim for reimbursement.  For example, costs for a diagnosis or repair necessitated by an excess oil consumption

condition will be reimbursed upon submission of a valid claim. To submit a claim for compensation please visit www.fcarecallreimbursement.com. Please have records of the repairs performed and amounts paid available when submitting your claim for compensation.

4. <u>Reimbursement for Repair-Related Transportation Costs</u>

Money you spent on towing and/or rental car expenses that were incurred in connection with a qualifying repair caused by the Oil Consumption Defect will be reimbursed contingent on the fulfillment of the following requirements:

- ▪ The rental car or towing services were incurred within 24 hours of a qualifying repair performed due to the Oil Consumption Defect;

- ▪ You submit a completed Claim Form by ____, 2022 (See Section 10 below for how to do so); and

- ▪ The Claim Form is accompanied by an original or a copy of any document(s) that itemizes the rental car or towing service expense. The document should identify the nature of the expense, the date the cost was incurred, and the dollar amount, as well as documentation of the Qualifying Repair performed within 24 hours of the rental car or towing service.

Claimants making a Claim for towing expenses shall be entitled to full reimbursement. Claims for rental car expenses shall be capped at $300 per Claim. In the event the total amount of valid Claims for Repair-Related Reimbursements exceeds $8,000,000 Claims will be adjusted on a *pro rata* basis.

5. <u>Compensation For Class Vehicles Subject to CSN W80 that had an Engine Long Block Replacement.</u>

If your Class Vehicle is subject to CSN W80 you will automatically receive a cash payment of $340 if the Class Vehicle is, or has been, diagnosed as having an Oil Consumption Defect and receives an engine long block replacement pursuant to the terms of CSN W80.

FCA US shall work directly with its dealership network to acquire the necessary data to identify which Class Members received an engine block replacement under CSN W80. FCA US will provide that data directly to the Settlement Administrator. The Settlement Administrator will then mail a check directly to the Class Members identified by FCA US.

## HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM

**10. How do I make a Claim?**

1. <u>Reimbursement for Repairs</u>

Please visit www.fcarecallreimbursement.com to submit a claim for reimbursement of the amount paid for a repair relating excess oil consumption. The claim process is simple and should take most Class Members no longer than a few minutes to complete.

Please keep a copy of all documentation you submit for your own records.

Claimants previously reimbursed in full or in part for the expense incurred in connection with a Qualifying Repair (e.g., through an FCA US or dealership goodwill payment) shall not be entitled to a reimbursement under this Settlement for that portion of the expense for which they have already been reimbursed.  Instead, they will be entitled to only that amount necessary to fully reimburse them for a Qualifying Repair, if any.

2. <u>Reimbursement for Rental Cars, Towing, Etc.</u>
   - Fill out the Claim Form (paper or online), ***and***

   - Include the documentation specified on the Claim Form.  A Claim Form must include proof of the repair-related expenses (rental car or towing services) and a qualifying repair associated with the Oil Consumption Defect that was performed within 24 hours of the incurred expense, ***and***

   - Submit the Claim Form online, by mail, or email the Claim Form to the address listed on the Claim Form, ***and***

Do so by _____, 2022 (any extension of that date will be posted on the Settlement website).

Please keep a copy of your completed Claim Form and all documentation you submit for your own records.

If you fail to submit a Claim Form and supporting documents by the required deadline, you will not be reimbursed.  Sending in a Claim Form late will be the same as doing nothing.

Claimants making a Claim for towing expenses shall be entitled to full reimbursement.  Claims for rental car expenses shall be capped at $300 per Claim.

Claimants previously reimbursed in full or in part for rental car or towing expenses related to obtaining a Qualifying Repair (e.g., through an FCA US, or dealership goodwill payment) shall not be entitled to a reimbursement under this Settlement for that portion of the expense for which they have already been reimbursed.

All Claim Forms and supporting documentation must be submitted online, emailed or mailed to: _____.

**11. When would I get my reimbursement?**
For each Claim qualifying for a Repair-Related Reimbursement payment under this Settlement Agreement, the Settlement Administrator shall mail a check to the Claimant, at the address on the Claim Form.  Within 30 days after the Effective Date or 30 days after the Claims Deadline, whichever comes later, FCA US will deposit the portion of the Settlement Fund necessary to cover valid Claims relating to Repair Related Reimbursements into the Escrow Account.  For each Claim qualifying for a reimbursement payment under this Settlement Agreement, the Settlement Administrator shall mail a check to the Claimant, at the address on the Claim Form,

within 21 days of FCA US funding the Settlement Fund.  The Settlement Website will contain updates on when Repair-Related Reimbursement claims will be paid out.  All checks will be valid for 90 days.

The Effective Date for the Settlement will be the date of the Court's Order giving final approval to the Settlement if there are no objections or appeals.  If there are objections or appeals, the date will be later.  When the date becomes known it will be posted at www.xxxxxxxxx.com. The Hon. Judith Levy, U.S. District Court Judge, will hold a Fairness Hearing on _____, 2022, at the U.S. District Court for the Eastern District of Michigan, Ann Arbor Courthouse, 200 E. Liberty Street, Suite 300, Ann Arbor, MI 48104, or by virtual video or telephonic conference, to decide whether to approve the Settlement. (The hearing may be rescheduled without further notice. To obtain updated scheduling information, or for instructions to attend the hearing if it is conducted remotely, see www.xxxxxxxxx.com.)

If the Court approves the Settlement, there may be appeals afterward.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

You may continue to check on the progress of the Settlement by visiting the website www.xxxxxxxxx.com or calling the Settlement Administrator at 1-xxx-xxx-xxxx.

**12. What if my Claim is found to be deficient?**
If a Claim is found to be deficient during the review process by the Settlement Administrator, you will be notified of the deficiency.  You will then have an opportunity to remedy the deficiency within 20 days of the notice.

**13. What am I giving up by staying in the Class?**
Unless you exclude yourself in writing as described in the answer to Question 14, you will be treated as part of the Class.  That means that if the Settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against FCA US or other related entities or individuals (listed in the Settlement Agreement, which you can view at www.xxxxxxxxx.com) about the legal issues in *this* case.  This includes but is not limited to claims of false advertising, deceptive practices, fraud, breach of implied or express warranties, lemon laws, unjust enrichment, strict product liability, and negligence.  It also means that all of the Court's orders will apply to you and legally bind you.

However, nothing in this Settlement will prohibit you from pursuing claims for: (i) death, (ii) personal injury, (iii) damage to property other than to a Class Vehicle, (iv) subrogation, (v) excess emissions unrelated to the Oil Consumption Defect, or (vi) any and all claims that relate to something other than a Class Vehicle and the alleged Oil Consumption Defect here. If you have any questions about the scope of the legal claims you give up by staying in the Class, you may view Section VII of the Settlement Agreement (available at www.xxxxxxxxx.com) or you can contact Class Counsel identified in Section 17 below for free or speak with your own lawyer at your own expense.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

**14. How do I get out of the Settlement?**

If you do not want the benefits or reimbursements provided in this Settlement, and you want to keep the right to sue or continue to sue FCA US or other related entities or individuals on your own about the legal issues in this case, including for any existing claims you may currently have, then you must take steps to get out of the Class. This is called excluding yourself, and is sometimes referred to as opting out of the Class.

To exclude yourself from the Settlement, you must send a letter by U.S. Mail (or an express mail carrier) saying that you want to "opt-out of" or "be excluded from" the Class Settlement in *Wood, et al. v. FCA US, LLC*, No. 5:20-cv-11054 (E.D. Mich.). Be sure to include (i) your full name and current address, (ii) the model year, approximate date(s) of purchase or lease, and Vehicle Identification Number ("VIN") of your vehicle (which is located on a placard on the top of the dashboard visible through the driver's side corner of the windshield), and (iii) clearly state your desire to be excluded from the Settlement and from the Class. You must mail your exclusion request postmarked no later than _____, 2022, to:

You can't exclude yourself on the phone, on any website, or by email. Please keep a copy of any exclusion (or opting out) letter for your records.

If you ask to be excluded, you cannot receive any benefits under this Settlement, and you cannot object to the Settlement. If you choose to be excluded or opt out, you will be excluded for all claims you have that are included in the Settlement. You will not be legally bound by anything that happens in this lawsuit. Depending on the laws in your state, you may be able to sue (or continue to sue) FCA US or other related entities or individuals in the future about the legal issues in this case.

**15. If I don't exclude myself, can I sue for the same thing later?**

No. Unless you exclude yourself (opting out), you give up the right to sue FCA US and other related entities or individuals for the claims that this Settlement resolves. For a complete description of the claims that this Settlement resolves, please see Section __ of the Settlement Agreement, available at www.xxxxxxx.com.

If you have a pending lawsuit against FCA US or related entities, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit if it concerns the same legal issues related to the Class Vehicles and the alleged defect in this case, even if it involves other causes of action, including but not limited to, false advertising, deceptive practices, fraud, breach of implied or express warranties, lemon laws, unjust enrichment, strict product liability, and negligence. Remember, the exclusion deadline is _____, 2022.

If you are a Class Member and you do nothing, you will remain a Class Member and all of the Court's orders will apply to you, you will be eligible for the Settlement benefits described above as long as you satisfy the conditions for receiving each benefit, and you will not be able to sue FCA US over the issues in this lawsuit.

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

11

**16. If I exclude myself, can I get the benefits of this Settlement?**

No.  If you exclude yourself, you cannot ask for any reimbursement; you will not receive an extended warranty for your vehicle; and, you will not be eligible to automatically receive a $340 cash payment if you receive an engine long block replacement as part of CSN W80.  But you may sue, continue to sue, or be part of a different lawsuit against FCA US and other related entities or individuals for the claims that this Settlement resolves.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**

The Court has appointed E. Powell Miller of the Miller Law Firm P.C., Steve W. Berman of Hagens Berman Sobol Shapiro, LLP, and Myles McGuire of McGuire Law P.C.to represent you and other Class Members.  Together these lawyers are called Class Counsel.

E. Powell Miller
Dennis A. Lienhardt
MILLER LAW FIRM, P.C.
Rochester, MI 48307
epm@millerlawpc.com
dal@millerlawpc.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
steve@hbsslaw.com

Myles McGuire
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
mmcguire@mcgpc.com
eturin@mcgpc.com

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO, LLP
301 N. Lake Ave, Suite 920
Pasadena, CA 91101
christopherp@hbsslaw.com

**PLEASE DO NOT SEND CLAIM FORMS TO THE ABOVE ATTORNEYS.**

**18. How will the lawyers be paid, and will the Class Representatives receive service payments?**

At a later date, Class Counsel will ask the Court for attorneys' fees, expenses, and service payments to each of the named Class Representatives.  It will be up to the Court to decide whether FCA US will be ordered to pay any of those fees, expenses, and service payments.  The Court may award less than the amounts requested by Class Counsel.  FCA US will separately pay the fees and expenses and service payments that the Court awards.  These amounts will not come out of the funds for payments to Class Members.  Class Counsel will not seek more than $7,500,000 in fees and expenses or a service award of more than $3,000 per named Class Representative.  Class Counsel will file their motion for attorneys' fees and expenses by _____, 2022.  You may continue to check on the progress of Class Counsel's request for attorneys' fees, expense and service awards by visiting the settlement website www.xxxxxxxxx.com.

FCA US will also separately pay the costs to administer the Settlement.  The payment of Settlement administration costs will not come out of the fund for payments to Class Members.

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

12

## OBJECTING TO THE SETTLEMENT

**19. How do I object to the Settlement?**

Any Class Member who has not successfully excluded themselves from the Class may object to the approval of the Settlement, to any aspect of the Settlement or the Settlement Agreement, to the application for attorneys' fees and costs, and/or to the application for a Class Representative Award to Plaintiffs. To object, you must properly file any objection in the Action with the Clerk of Court of the United States District Court for the Eastern District of Michigan on or before [DATE] and must mail or hand-deliver a copy of the objection to Class Counsel and Counsel for FCA US at the addresses set forth below by that same date. To be timely, objections that are mailed must be postmarked by [DATE], and objections that are hand-delivered must be received by the Court, Class Counsels, and Counsel for FCA US by [DATE].

Your objection letter must include:

1. the name and title of the lawsuit, *Amber Wood, et al. v. FCA US, LLC*, No. 5:20-cv-11054 (E.D. Mich.);
2. a detailed written statement of each objection being made, including the specific reasons for each objection, and any evidence or legal authority to support each objection;
3. your full name, address, and telephone number;
4. the model year and VIN of your Class Vehicle;
5. a statement of whether you or your lawyer will ask to appear at the Fairness Hearing to talk about your objections;
6. any supporting papers, materials, exhibits, or briefs that you want the Court to consider when reviewing the objection;
7. the identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to your objection;
8. a list of any other objections submitted by you or any of your counsel, to any class action settlements submitted in any court in the United States in the previous five years; and
9. your signature and that of your attorney, if you have one, and the date of the objection.

Submitting an objection allows Class Counsel or counsel for FCA US to notice your deposition and to seek any documentary evidence or other tangible things that are relevant to your objection. Failure to make yourself available for such a deposition or comply with expedited discovery requests may result in the Court striking your objection or denying you the opportunity to be heard. The Court may require you or your counsel to pay the costs of any such discovery should the Court determine the objection is frivolous or made for improper purpose.

If you do not state your intention to appear in accordance with the applicable deadlines and specifications, or you do not submit an objection in accordance with the applicable deadlines and specifications, you will waive all objections and can be barred from speaking at the Final Approval Hearing.

**20. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class and the Settlement.  You cannot both exclude yourself and object.  If you choose to both exclude yourself and object, it will be treated as if you excluded yourself only.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, subject to the requirements above, but you don't have to.

**21. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at _____ a.m. on _____, 2022, at the U.S. District Court for the Eastern District of Michigan, Ann Arbor Courthouse, 200 E. Liberty Street, Suite 300, Ann Arbor, MI 48104.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel and whether to approve the Class Representatives' service awards.  After the hearing, the Court will decide whether to finally approve the Settlement.  We do not know how long these decisions will take.

The hearing may be rescheduled without further notice to you, and may be conducted remotely, so it is recommended you periodically check www.xxxxxxxxxx.com for updated information.

**22. Do I have to come to the Fairness Hearing?**

No.  Class Counsel will answer any questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed a valid written objection on time, the Court will consider it.  You may also attend or pay your own lawyer to attend, but it's not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**23. May I speak at the Fairness Hearing?**

You may ask the Court's permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Amber Wood, et al. v. FCA US, LLC*, No. 5:20-cv-11054 (E.D. Mich.)" or state in your objections that you intend to appear at the hearing.  Be sure to include your name, address, telephone number, the model year and VIN for your Class Vehicle(s), and signature, as well as the identities of any attorneys who will represent you.  Your Notice of Intention to Appear must be postmarked no later than _____, 2022, and be sent to Class Counsel and Defense Counsel whose addresses are provided below.

## IF YOU DO NOTHING

**24. What happens if I do nothing at all?**

If you do nothing, you will remain a Class Members and be entitled to the benefits of the Extended Warranty (if you continue to own or lease your Class Vehicle) and/or receive the $340 cash payment if your vehicle received an engine long-block replacement under CSN W80.  But you will never be able to file a lawsuit, continue a lawsuit, or be part of any other lawsuit against FCA US or other related entities or individuals about the legal issues in this case.

## GETTING MORE INFORMATION

**25. Are there more details about the Settlement?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which you can view at www.xxxxxxxxx.com.

Neither FCA US nor Class Counsel or the Class Representatives make any representation regarding the tax effects, if any, of receiving any benefits under this Settlement.  Consult your tax adviser for any tax questions you may have.

**26. How do I get more information?**

You can call the Settlement Administrator at 1-xxx-xxx-xxxx or write to them at _____ or visit www.xxxxxxxxx.com, where you will find information and documents about the Settlement, a Claim Form, plus other information.  You may also contact Class Counsel listed in response to Question 13.

All papers filed in this Action are also available for review via the Public Access to Court Electronic Resources System (PACER), available online at http://www.pacer.gov.

**DO NOT WRITE OR TELEPHONE THE COURT, THE CLERK'S OFFICE, OR FCA US WITH ANY QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR THE SETTLEMENT AGREEMENT.**

For more information, visit www.xxxxxxxxx.com, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

15

## WHAT ARE THE ADDRESSES YOU MAY NEED

**Class Counsel**

E. Powell Miller
Dennis A. Lienhardt
MILLER LAW FIRM, P.C.
Rochester, MI 48307
epm@millerlawpc.com
dal@millerlawpc.com
Myles McGuire
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
mmcguire@mcgpc.com
eturin@mcgpc.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
steve@hbsslaw.com

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO, LLP
301 N. Lake Ave, Suite 920
Pasadena, CA 91101
steve@hbsslaw.com
christopherp@hbsslaw.com

**Defense Counsel:**

Kathy A. Wisniewski
Stephen D'Aunoy
THOMPSON COBURN LLP
One U.S. Bank Plaza, 26th Floor
St. Louis, Missouri 63101

**Settlement Administrator:**

**XXX**
**XXX**
**XXX**

# Exhibit C

A proposed settlement has been reached in a lawsuit alleging some vehicles manufactured by FCA US, LLC and equipped with a 2.4L Tigershark engine have an Oil Consumption Defect that causes them to consume abnormally high amounts of oil. The case is *Wood, et al. v. FCA US, LLC*, No. 5:20-cv-11054 (E.D. Mich.), currently pending in the Eastern District of Michigan. The proposed Settlement is not an admission of wrongdoing by FCA US, and FCA US denies it violated the law. The Court has not decided who is right or wrong. Rather, to avoid the time, expense, and uncertainty of going forward with the case, the parties have agreed to settle. That Settlement has been preliminarily approved by the Court.

**Settlement Benefits:**

(1) **Warranty Extension**: If you own or lease a Class Vehicle and do not opt out of the settlement class (see below), FCA US will extend the existing Powertrain Limited Warranty for excess oil consumption issues to 7 years or 100,000 miles, whichever is earlier.

(2) **Cash Reimbursement for Repair-Related Expenses**: You may be entitled to reimbursement for any towing and/or rental car expenses you incurred in connection with repairing a condition caused by excess oil consumption. Details about submitting a qualifying claim can be found at [Settlement Website] or in the long-form notice.

(3) **Cash Reimbursement for Repairs**: You may be entitled to reimbursement for out-of-pocket expenses you incurred repairing a condition caused by excess oil consumption. To submit a claim for out-of-pocket expenses, go to www.fcarecallreimbursement.com.

(4) **Cash Payment**: You may also be entitled to an **automatic cash payment of $340** if your vehicle is subject to Customer Service Notification W80 and had its engine block replaced due to a condition caused by excess oil consumption.

**To Opt-Out**: If you do not wish to participate in the proposed Settlement, you must exclude yourself on or before _____ _____, 2022. Please visit [Settlement Website/opt-out] for more information.

**To Object**: If you wish to object to the proposed settlement, you must take specific steps on or before _____, 2022. Please visit [Settlement Website/object] for more information.

The Court will hold a fairness hearing on _____, 2022 to consider whether to approve the proposed Settlement as well as Class Counsel's application for fees and costs in an amount up to $7,500,000 for their work in the case, which would be paid by FCA US. The Court will also consider a Service Award payment of up to $3,000.00 for each Class Representative. You can appear at the hearing, but you do not have to. If you want, you can hire your own attorney, at your own expense, to appear or speak for you at the hearing. If the Court approves the proposed Settlement, which excludes claims for personal injury and property damage, you will not be able to sue for similar claims if you remain in the class.

*For more information, visit www.xxxxxxxx.com or call toll-free 1-xxx-xxx-xxxx*
*Para una notificación en Español, visitar www.xxxxxxxx.com.*

---

**Wood v. FCA US LLC**
**Settlement Administrator**
**P.O. Box _____**
**City/State/Zip**

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

**NOTICE OF PROPOSED CLASS
SETTLEMENT**

**If you purchased or leased a 2015-2017 Chrysler 200, 2013-2016 Dodge Dart, 2014-2019 Jeep Cherokee (manufactured prior to July 2018), 2015-2018 Jeep Renegade, 2017-2018 Jeep Compass, 2015-2018 Ram Promaster City, or 2016-2018 Fiat 500x vehicle equipped with a 2.4L Tigershark engine ("Class Vehicle"), a proposed class action settlement may affect your rights and entitle you to cash compensation. This is not a lawyer solicitation.**

CLASS MEMBER NAME
CLASS MEMBER ADDRESS
CITY/STATE/ZIP

# Exhibit D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMBER WOOD, *et. al*, individually and
on behalf of all others similarly situated,

        Plaintiffs,

    v.

FCA US LLC,

        Defendant.

Case No. 5:20-cv-11054-JEL-APP

District Judge Judith E. Levy

Magistrate Judge Anthony P. Patti

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Amber Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherin Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid, Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo, and Defendant FCA US LLC (together, the "Parties"), by and through their undersigned attorneys,

hereby submit this proposed Stipulated Order for Preliminary Approval of Class Action Settlement:

WHEREAS, the Court having reviewed and considered the Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel;

WHEREAS, the Court held a hearing on the Motion for Preliminary Approval on _____; and

WHEREAS, this Court has fully considered the record and requirements of law; and good cause appearing;

IT IS THIS _____ day of _____, 2022 ORDERED that the Settlement is hereby PRELIMINARILY APPROVED. The Court further finds the order as follows:

1.    The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this District.

2.    The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendant.

3.    To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4.    The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations. The Settlement is not the result of collusion.

5.     The proceedings and discovery that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately and assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6.     The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b). Accordingly, the Court preliminarily approves all terms of the Settlement and all of its Exhibits.

7.     The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All individuals who purchased or leased in the United States one of the following vehicles equipped with a 2.4L Tigershark engine: model years 2015-2017 Chrysler 200; model years 2013-2016 Dodge Dart; model years 2014-2019 Jeep Cherokee manufactured prior to July 2018; model years 2015-2018 Jeep Renegade; model years 2017-2018 Jeep Compass; model years 2015-2018 Ram Promaster City; and model years 2016-2018 Fiat 500x.

Excluded from the Settlement Class are FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or

junkyard vehicles) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicles that previously released their claims in an individual settlement with FCA US with respect to the issues raised in this case.

8.     The Court hereby conditionally appoints the following Plaintiffs as Class Representatives for the Settlement Class: Amber Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherin Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid, Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo.

9.     The Court finds that the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10.    The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibits B and C to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement Website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

11.    The Court further approves the proposed methods for giving notice of the Settlement to members of the Settlement Class, as reflected in the Settlement Agreement. The Court has reviewed the plan for distributing Notice to the Settlement Class and finds that Settlement Class members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed upon date with the Settlement Administrator, but in no event more than ninety (90) days after entry of the Preliminary Approval Order, the Settlement Administrator shall cause individual Short Form Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit C, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned undeliverable. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the

circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

12.     The Court preliminary finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby conditionally appoints The Miller Law Firm, P.C., Hagens Berman Sobol Shapiro, LLP, and McGuire Law, P.C. as Co-Lead Class Counsel and McCune Wright Arevalo, LLP, Sauder Schelkopf, and Berger Montague P.C. as Plaintiffs' Steering Committee Class Counsel.

13.     The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on _____ [at least 180 days after entry of Preliminary Approval Order], to consider final approval of the Settlement (the "Fairness Hearing" or "Final Approval Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the

Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Claims Administrator's websites.

14.     The Court directs that no later than fourteen (14) days prior to the Fairness Hearing, Class Counsel shall file all memoranda, including affidavits, declarations, and other evidence in support of the request for final approval of the Settlement; Class Counsels' request for approval of attorneys' fees, costs, and reimbursement of expenses; and the request for Service Awards to the individual Named Plaintiffs. The Court further directs that no later than seven (7) days prior to the Fairness Hearing, Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs.

15.     Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedure:

(a)     To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, and must also serve a copy thereof upon the following, postmarked no later than _____ days after the Notice Date:

Counsel for Plaintiffs:
E. Powell Miller
Dennis A. Lienhardt
The Miller Law Firm, P.C.
950 W. University Dr., Suite 300
Rochester, MI 48307

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue
Suite 200
Seattle, WA 98101

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO, LLP
301 N. Lake Ave, Suite 920
Pasadena, CA 91101

Myles McGuire
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, IL 60601

Counsel for Defendant:
Stephen A. D'Aunoy
THOMPSON COBURN LLP
505 N. 7th St.
One US Bank Plaza
St. Louis, Missouri 631010

Settlement Administrator:

[insert]

     (b)   Any objecting Settlement Class Member must include

with his or her objection:

i.    The case name and number, *Amber Wood, et al. v. FCA US LLC*, No. 20-cv-11054 (E.D. Mich.);

ii.   The objecting Settlement Class Member's full name, current address, and current telephone number;

iii.  The model year and VIN of his/her/its Class Vehicle(s);

iv.   A statement of the objection(s), including all factual and legal grounds for the position;

v.    Copies of any documents the objector wishes to submit in support;

vi.   The name and address of the attorney(s), if any, who is representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection;

vii.  A statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

viii. The identity of all counsel (if any) who will appear on behalf of the objecting Class Member and all persons (if any) who will be called to testify in support of the objection;

9

ix.    The signature of the Class Member objecting, in addition to the signature of any attorney representing the objecting Class Member in connection with the objection; and

x.    The date of the objection.

In addition, any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

(c)    Subject to the approval of the Court, any objecting Settlement Class Member may appear, personally or by counsel, at the Fairness Hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. Any Settlement Class Member who does not provide a notice of intention to appear at the hearing in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Notice, or who has not filed an objection in accordance with the deadlines and other

specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

(d)    Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

16.    The Court appoints _____ as the Settlement Administrator. The Parties are hereby authorized to retain the Settlement Administrator to supervise and administer the Notice procedure as well as the processing of Claims.

17.    All Settlement Class Members shall have the right to opt out of the Settlement Class at any time during the opt-out period. The opt-out period shall run for forty-five (45) days from the Notice Date. Any Settlement Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or

judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement. Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Settlement Claims Administrator as provided in the Notice. To be effective, the Request for Exclusion must be sent via first-class U.S. mail to the specified address and shall state:

      i.    The Settlement Class Member's full name and current address;

      ii.    The model year and Vehicle Identification ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease; and

      iii.    His/her/its desire to be excluded from the Settlement and from the Settlement Class.

Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement. The Settlement Administrator shall report the names of all Class Members who have submitted a Request for Exclusion to the Parties on a weekly basis, beginning 30 days after the Notice Date. The Settlement

Administrator shall also report a final tabulation of the names and addresses of such entities and natural persons to the Court and to Class Counsel no less than seven (7) days before the Fairness Hearing.

18.     Any member of the Settlement Class failing to properly and timely mail such a written Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all of the terms and provisions of the Settlement Agreement, including but not limited to the release, and the Final Order and Judgment.

19.     Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

20.     In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, the Defendant and any other Releasees shall have retained any and all of their current defenses and arguments

thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This action shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

21.    The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

22.    Pending final determination of the Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

**IT IS SO ORDERED.**


Dated: _____    By: _____
                                         Judge Judith E. Levy
                                         United States District Judge