UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER WOOD, *et. al*,
individually and on behalf of all
others similarly situated,

                Plaintiffs,

v.

FCA US LLC,

                Defendant.

Case No. 20-11054

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

_____

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

    Plaintiffs Amber Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherin Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid, Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis

Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo, and Defendant FCA US LLC (together, the "Parties"), by and through their undersigned attorneys, hereby submit this proposed Stipulated Order for Preliminary Approval of Class Action Settlement:

WHEREAS, the Court having reviewed and considered the Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel;

WHEREAS, the Court held a hearing on the Motion for Preliminary Approval on May 26, 2022; and

WHEREAS, this Court has fully considered the record and requirements of law; and good cause appearing;

IT IS THIS 7 day of June, 2022 ORDERED that the Settlement is hereby PRELIMINARILY APPROVED. The Court further finds the order as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this District.

2. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendant.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations. The Settlement is not the result of collusion.

5. The proceedings and discovery that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately and assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6. The Court has carefully reviewed the Settlement Agreement (ECF No. 59-2, PageID.2056–2095) and finds that the Settlement is fair, reasonable, adequate and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b). Accordingly, the Court preliminarily approves all terms of the Settlement and the Revised Long Form Class Notice (ECF No. 63-2) and the Revised Claim Form (ECF No. 63-3).

7. The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All individuals who purchased or leased in the United States one of the following vehicles equipped with a 2.4L Tigershark engine: model years 2015-2017 Chrysler 200; model years 2013-2016 Dodge Dart; model years 2014-2019 Jeep Cherokee manufactured prior to July 2018; model years 2015-2018 Jeep Renegade; model years 2017-2018 Jeep Compass; model years 2015-2018 Ram Promaster City; and model years 2016-2018 Fiat 500x.

Excluded from the Settlement Class are FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicles that previously released their claims in an individual settlement with FCA US with respect to the issues raised in this case.

8. The Court hereby conditionally appoints the following Plaintiffs as Class Representatives for the Settlement Class: Amber

Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherin Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid, Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo.

9. The Court finds that the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10. The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibits B and C to the Settlement

5

Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement Website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

11. The Court further approves the proposed methods for giving notice of the Settlement to members of the Settlement Class, as reflected in the Settlement Agreement. The Court has reviewed the plan for distributing Notice to the Settlement Class and finds that Settlement Class members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed upon date with the Settlement Administrator, but in no event more than ninety (90) days after entry of the Preliminary Approval Order, the Settlement Administrator shall cause individual Short Form Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit C, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned

undeliverable. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

12. The Court preliminary finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby conditionally appoints The Miller Law Firm, P.C., Hagens Berman Sobol Shapiro, LLP, and McGuire Law, P.C. as Co-Lead Class Counsel and McCune Wright Arevalo, LLP, Sauder Schelkopf, and Berger Montague P.C. as Plaintiffs' Steering Committee Class Counsel.

13. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on December 1, 2022 at 2:30 pm ET, to consider final approval of the Settlement (the "Fairness Hearing" or "Final Approval Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and

7

reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Claims Administrator's websites.

14. The Court directs that no later than fourteen (14) days prior to the Fairness Hearing, Class Counsel shall file all memoranda, including affidavits, declarations, and other evidence in support of the request for final approval of the Settlement; Class Counsels' request for approval of attorneys' fees, costs, and reimbursement of expenses; and the request for Service Awards to the individual Named Plaintiffs. The Court further directs that no later than seven (7) days prior to the Fairness Hearing, Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs.

15. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedure:

(a) To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, and must also serve a copy thereof upon the following, postmarked no later than 45 days after the Notice Date:

<u>Counsel for Plaintiffs</u>:
E. Powell Miller
Dennis A. Lienhardt
The Miller Law Firm, P.C.
950 W. University Dr., Suite 300
Rochester, MI 48307

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue
Suite 200
Seattle, WA 98101

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO, LLP
301 N. Lake Ave, Suite 920
Pasadena, CA 91101

Myles McGuire
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, IL 60601

<u>Counsel for Defendant</u>:
Stephen A. D'Aunoy
THOMPSON COBURN LLP
505 N. 7th St.

9

> One US Bank Plaza
> St. Louis, Missouri 631010

    (b)    Any objecting Settlement Class Member must include with his or her objection:

    i.    The case name and number, *Amber Wood, et al. v. FCA US LLC*, No. 20-cv-11054 (E.D. Mich.);

    ii.    The objecting Settlement Class Member's full name, current address, and current telephone number;

    iii.    The model year and VIN of his/her/its Class Vehicle(s);

    iv.    A statement of the objection(s), including all factual and legal grounds for the position;

    v.    Copies of any documents the objector wishes to submit in support;

    vi.    The name and address of the attorney(s), if any, who is representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection;

    vii.   A statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

    viii.   The identity of all counsel (if any) who will appear on behalf of the objecting Class Member and all persons (if any) who will be called to testify in support of the objection;

    ix.   The signature of the Class Member objecting, in addition to the signature of any attorney representing the objecting Class Member in connection with the objection; and

    x.   The date of the objection.

In addition, any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class Member

11

shall affirmatively so state in the written materials provided with the objection.

(c) Subject to the approval of the Court, any objecting Settlement Class Member may appear, personally or by counsel, at the Fairness Hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. Any Settlement Class Member who does not provide a notice of intention to appear at the hearing in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

(d) Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of

12

the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

16. The Court appoints Kroll Settlement Administration (mailing address for purposes of the settlement: Wood v. FCA US, c/o Kroll Settlement Administration, PO Box 225391, New York, NY 10150-5391; email address for purposes of the settlement: contact@fcatigersharksettlement.com as the Settlement Administrator. The Parties are hereby authorized to retain the Settlement Administrator to supervise and administer the Notice procedure as well as the processing of Claims.

17. All Settlement Class Members shall have the right to opt out of the Settlement Class at any time during the opt-out period. The opt-out period shall run for 45 days from the Notice Date. Any Settlement

Class Member who elects to opt out of the Settlement Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement. Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Settlement Claims Administrator as provided in the Notice. To be effective, the Request for Exclusion must be sent via first-class U.S. mail to the specified address and shall state:

    i.    The Settlement Class Member's full name and current address;

    ii.    The model year and Vehicle Identification ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease; and

    iii.    His/her/its desire to be excluded from the Settlement and from the Settlement Class.

Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived

any rights or benefits under the Settlement Agreement. The Settlement Administrator shall report the names of all Class Members who have submitted a Request for Exclusion to the Parties on a weekly basis, beginning 30 days after the Notice Date. The Settlement Administrator shall also report a final tabulation of the names and addresses of such entities and natural persons to the Court and to Class Counsel no less than seven (7) days before the Fairness Hearing.

18. Any member of the Settlement Class failing to properly and timely mail such a written Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all of the terms and provisions of the Settlement Agreement, including but not limited to the release, and the Final Order and Judgment.

19. Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

20. In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, the Defendant and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This action shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

21. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided however, that nothing in this

paragraph shall restrict the ability of the Parties to exercise their rights as described above.

22. Pending final determination of the Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

**IT IS SO ORDERED.**

Dated: June 7, 2022  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2022.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager