# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| AMBER WOOD, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No. 5:20-cv-11054-JEL-APP<br><br>District Judge Judith E. Levy<br><br>Magistrate Judge Anthony P. Patti |

## JOINT DECLARATION OF E. POWELL MILLER, STEVE W. BERMAN, AND MYLES MCGUIRE IN SUPPORT OF THE PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

We, E. POWELL MILLER, STEVE W. BERMAN, and MYLES MCGUIRE,

declare as follows, pursuant to 28 U.S.C. § 1746.

1.    We, E. Powell Miller, Steve W. Berman, and Myles McGuire

(collectively, "Co-Lead Counsel"), are founding partners of the law firms of The

Miller Law Firm, P.C. ("Miller Law"), Hagens Berman Sobol Shapiro, LLP

("Hagens Berman"), and McGuire Law, P.C. ("McGuire Law"), respectively.[1]

---

[1] Richard D. McCune of McCune Wright, Russell D. Paul of Berger Montague, and Matthew D. Schelkopf of Sauder Schelkopf, who were appointed members of the Plaintiffs' Steering Committee, submit additional declarations in support of Final Approval and Fees and Expenses, which are attached hereto as Exhibits 4-6. In addition, Jeffrey Goldenberg of Goldenberg Schneider submits an additional

2.      Co-Lead Counsel respectfully submit this Declaration on behalf of

Plaintiffs in support of Plaintiffs' Unopposed Motion for Final Approval of the Class

Action Settlement ("Final Approval Motion") and Plaintiffs' Unopposed Motion for

Attorneys' Fees, Expenses, and Incentive Awards ("Fee and Expense Motion"). Co-

Lead Counsel have personal knowledge of the facts stated herein.

3.      Co-Lead Counsel are experienced and skilled firms that have a

successful track record in complex class actions in this District and throughout the

country. The firm resumes and attorney profiles of Co-Lead Counsel and others at

those firms who contributed to this case are found at ECF Nos. 59-3-59-5.

4.      Plaintiffs and FCA US (collectively, the "Parties") have reached a

proposed Settlement resolving all allegations that certain vehicles with a 2.4L

Tigershark engine: model years 2015-2017 Chrysler 200; model years 2013-2016

Dodge Dart; model years 2014-2019 Jeep Cherokee manufactured prior to July

2018; model years 2015-2018 Jeep Renegade; model years 2017-2018 Jeep

Compass; model years 2015-2018 Ram Promaster City; and model years 2016-2018

Fiat 500x ("Class Vehicles") were manufactured, marketed, sold, and leased with a

defect that caused these vehicles to consume excessive amounts of engine oil which

can result in engines shutting down without warning and releasing excessive oil into

_____

declaration in support of Final Approval and Fees and Expenses, which is attached
hereto as Exhibit 7.

the exhaust system leading to excess emissions (the "Defect"), that FCA US sold these vehicles knowing of the safety risks posed by the Defect, and that it would be material to a reasonable consumer. The Consolidated Master Class Action Complaint ("CMCAC") (ECF No. 41) alleges over 300 causes of action against FCA US for both statutory violations and under common law, on behalf of Plaintiffs and Class Members—current and former owners and lessees of the Class Vehicles.

5.      From the outset of this litigation, Co-Lead Counsel anticipated spending thousands of hours litigating the complex claims in this matter against one of the largest automotive manufacturers in the world with no guarantee of success. We understood that prosecution of this litigation would require that other work be foregone, there was significant uncertainty surrounding the applicable legal and factual issues, and there would be significant opposition from a defendant with substantial resources and asserted legal defenses.

6.      Over the course of sixteen (16) months, the Parties participated in three formal mediation sessions (on October 26, 2020, April 6, 2021, and August 25, 2021) with the assistance of experienced mediators Judge Layn Phillips and Gregory P. Lindstrom of Phillips ADR. The Parties also engaged in numerous individual discussions with the mediators and countless arm's-length negotiations with each other. These extensive negotiations included the production of approximately 10,000 pages of documents from FCA US, as well as Plaintiffs' consultation with experts

to provide independent analysis of the alleged Defect and FCA US's proposed remedies.

7.      As a result of those negotiations, which ended almost two and half years of litigation, Plaintiffs achieved a settlement that will provide substantial relief to the more than 2.7 million Class Members. The benefits the Class Members will receive as a result of this Settlement are eminently fair, reasonable, and adequate, especially when compared to settlements in similar cases and in light of the significant risks posed by continued litigation.

8.      Pursuant to the Settlement, and as explained in greater detail in the Final Approval Motion, Class Members will receive an extension on their vehicle's existing Powertrain Limited Warranty to seven (7) years or one-hundred thousand (100,000) miles, vehicle improvements in the form of no-cost software upgrades, repair-related reimbursements, and cash compensation.

9.      Based upon the investigation and evaluation of the facts and law relating to all of the matters alleged in the pleadings, the Parties agreed to settle the action under the terms of the Settlement Agreement after considering, among other things: (i) the substantial and immediate benefits available to Plaintiffs and the Settlement Class; (ii) the attendant risks and uncertainty of litigation, especially in complex actions such as this; (iii) the difficulties and delays inherent in such

litigation; and (iv) the desirability of consummating a settlement promptly to provide effective relief to Plaintiffs and the Settlement Class.

10. While Plaintiffs and their counsel strongly believe in the merits of the cases, Plaintiffs would have faced numerous risks and significant expense if the litigation had continued, including motion to dismiss briefing, extensive and costly fact and expert discovery, class certification and summary judgment briefing, and then, if Plaintiffs had survived the prior stages, a jury trial, and potentially a subsequent appeal of a favorable verdict.

11. The Settlement avoids the risk and potentially years of delay continued litigation would have posed and simultaneously provides benefits for Plaintiffs and the Settlement Class that are immediate, certain, and substantial.

12. After the Parties agreed to the terms of the Settlement, Co-Lead Counsel and FCA engaged in separate negotiations, with the aid of the mediators, concerning Plaintiffs' claim for an award of attorneys' fees and reimbursement of litigation costs and expenses. The Parties agreed to an award of attorneys' fees, costs, and expenses in the amount of $7,500,000, as well as service awards of $1,000–$3,000 to each Plaintiff.

13. As detailed in the Fee and Expense Motion, Class Counsel, in total, have devoted over 5,216 hours, with a resulting lodestar of $3,239,149.50, to the investigation, prosecution, and resolution of the Action. Class Counsel's fee request

thus amounts to just a 2.28 multiplier over their base lodestar—a multiplier that is reasonable given the risks inherent to this litigation, Class Counsel's efforts, and the relief achieved for the Class Members. In addition, Class Counsel have expended $120,634.63 in costs and expenses in litigating this matter, including costs and expenses for retaining experts, mediation fees, and other expenditures necessary for the resolution of the case.

14.     Class Counsel's Fee and Expense request is fully justified given the facts of this case. Class Counsel have devoted substantial time and advanced the funds necessary to prosecute this case with no assurance of compensation or repayment. To date, none of the firms that have assisted in the prosecution of this Action have been paid for their efforts. Instead, their compensation has been entirely contingent upon obtaining a recovery.

15.     During the course of this Action, Class Counsel have: (i) conducted a thorough investigation into the Class's claims; (ii) drafted the detailed 960-page CMCAC; (ii) issued written discovery; (iii) coordinated with all Plaintiffs' counsel firms to stipulate to transfer and consolidation in this District; (iv) engaged in extensive discovery throughout the mediation process, including the review of more than 10,000 pages of documents; (v) consulted and paid independent experts to consult on FCA's proposed remedies to the defect; (vi) engaged in arm's-length negotiations with Defendant, including multiple mediations under the supervision of

experienced mediators; (vii) retained and communicated with the Settlement Administrator regarding providing adequate Notice to Class Members; and (viii) prepared preliminary and final approval motions in support of the Class Settlement. Moreover, Class Counsel will continue to perform legal work on behalf of the Class, through the Fairness Hearing and beyond, as additional resources will be expended working with the Settlement Administrator to ensure the smooth administration of the Settlement.

16.     Class Counsel's efforts have required a substantial investment of time. Class Counsel have necessarily expended thousands of hours over more than two years of litigation. As detailed below, the substantial amount of time (and resulting lodestar) devoted to this Action clearly supports Class Counsel's fee request.

17.     As summarized in the table below, Class Counsel devoted over 5,216 hours to the prosecution and resolution of the Action, resulting in a lodestar of $3,239,149.50. The specific breakdown of the total lodestar is found in the supporting declarations hereto. *See* Exhibits 1-7. The total lodestar for each firm is:

| Firm | Total Hours | Lodestar |
|---|---|---|
| Miller Law | 1,336.75 | $883,314.00 |
| Hagens Berman | 1,105.2 | $649,882.50 |
| McGuire Law | 1,302.3 | $866,343.00 |
| McCune Wright | 142.6 | $82,180.00 |
| Berger Montague | 109.1 | $80,284.50 |

| | | |
|---|---|---|
| Sauder Schelkopf | 263.3 | $161,355.00 |
| Capstone Law | 386 | $191,604.00 |
| Chimicles | 356.6 | $182,980.00 |
| Mantese Honigman | 67.7 | $52,243.50 |
| Cafferty Clobes | 41.4 | $30,165.00 |
| Goldenberg Schneider | 105.3 | $58,798.00 |
| **TOTAL** | 5,216.25 | $3,239,149.50 |

18.     The declarations attached hereto as Exhibits 1-3 detail the time spent by the partners, other attorneys, and professional support staff of Miller Law, Hagens Berman, and McGuire Law who were involved in this litigation, and the lodestar calculation based on those firms' current billing rates. The schedules were prepared from contemporaneous, daily time records regularly prepared and maintained by the firms, which are available at the request of the Court for review in camera.

19.     The hourly rates for the partners, other attorneys, and professional support staff of Miller Law, Hagens Berman, and McGuire Law included in Exhibits 1-3 are the same as those which have been used in the lodestar cross checks accepted by courts in other class litigation.

20.     The $7,500,000 agreement and request also includes the reimbursement of the expenses that were reasonably incurred in the Action, in the amount of $120,634.63. Reimbursement of such expenses was fully contingent on a successful outcome. The majority of the expenses were for Plaintiffs' independent experts who

conducted extensive analysis into the Defect and Defendant's proposed remedies as well as the third-party mediators who supervised the sixteen-month mediation process. The remaining expenses consist of categories such as filing fees, legal research, and copying charges.

21.    Class Counsel also seek aggregate Service Awards of $81,000, for Plaintiffs, for their work in representing the Class in the Action. Each of the Plaintiffs has been committed to pursuing the Class's claims since they became involved in the Action in early 2020.

22.    Based on the additional explanation and legal authorities set forth in the Fee Motion, Co-Lead Counsel respectfully submit that Class Counsel's Fee and Expense Motion be granted.

We declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.


Executed on: November 17, 2022              */s/ E. Powell Miller*
                                            E. Powell Miller


Executed on: November 17, 2022              */s/ Steve W. Berman*
                                            Steve W. Berman


Executed on: November 17, 2022              */s/ Myles McGuire*
                                            Myles McGuire


9

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 17, 2022, I electronically submitted the

foregoing to the Court via the ECF, which automatically served all counsel of record.

*/s/ E. Powell Miller*
E. Powell Miller