# Exhibit 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| AMBER WOOD, *et. al*, individually and on behalf of all others similarly situated, | Case No. 5:20-cv-11054-JEL-APP |
| Plaintiffs, | District Judge Judith E. Levy |
| v. | Magistrate Judge Anthony P. Patti |
| FCA US LLC, | |
| Defendant. | |

## DECLARATION OF MYLES MCGUIRE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS

I, Myles McGuire, pursuant to 28 U.S.C. § 1746, hereby aver and state as follows:

1.    I am fully competent to make this declaration, I have personal knowledge of all matters set forth herein unless stated otherwise, and I would testify to all such matters if called as a witness.

2.    I am the founder and managing partner of the law firm McGuire Law, P.C. I am licensed to practice law in the states of Illinois and Wisconsin, and I, along with McGuire Law attorneys Evan M. Meyers, Eugene Turin, and Timothy Kingsbury, as well as attorneys from The Miller Law Firm, P.C., and Hagens Berman Sobol Shapiro, LLP, have been appointed Class Counsel in this matter.

1

3.     I am providing this declaration in support of Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Incentive Awards being submitted to this Court.

4.     Over the course of this litigation, McGuire Law and its attorneys have been involved in the following specific activities that have led to the Settlement:

- Extensively investigating claims on behalf of Class Representative Thomas Weiner and filing the first case in this litigation pleading the Oil Consumption Defect in October 2019. *See Weiner v. FCA US, LLC*, No. 19-cv-06831 (N.D. Ill.);
- Issuing written discovery in the first-filed case;
- Participating in an early mediation in an attempt to reach a resolution of this matter before consolidation with the subsequently-filed actions before mediator Brad Winters in May 2020;
- Coordinating with Co-Lead Counsel to consolidate all pending litigation regarding the Oil Consumption Defect before this Court and moving for appointment as lead counsel;
- Reviewing and drafting a master consolidated complaint before this Court;
- Participating in three further mediation sessions after consolidation with Co-Lead Counsel before mediators Judge Layn Phillips and Gregory P. Lindstrom of Phillips ADR;
- Reviewing over 10,000 pages of documents produced by Defendant in conjunction with the Parties' efforts to reach a settlement of the matter;
- Directly engaging an expert to review discovery produced by Defendant and coordinating the in-person testing at an independent laboratory of a Class Representative's vehicle to determine the veracity of Defendant's representations regarding whether the Oil Consumption Defect resulted in excess emissions;
- Negotiating the terms and conditions of the Settlement, including specifically the scope of the release obtained by Defendant and the Extended Warranty to ensure that there were no gaps in repair coverage for the Class Members;
- Reviewing and revising the draft settlement agreement;
- Acquiring preliminary approval of the Settlement;

- Communicating directly with the Settlement Administrator regarding completing Notice of the Settlement to the Class Members and addressing concerns as the claims period began;
- Communicating directly with Class Members regarding concerns and questions about the Settlement;
- Reviewing documents and submissions necessary to obtain final approval of the Settlement, including communicating with and responding to purported objections received.
- McGuire Law attorneys will continue to devote substantial time and effort to overseeing the notice and claims administration process, including communicating with Class Members, monitoring the claims review process and the distribution of payments to Class Members, appearing at the final approval hearing and handling any appeals.

5.      In performing the above activities in furtherance of the litigation the attorneys of McGuire Law made sure to coordinate with other Class Counsel in an effort to avoid any duplicative work.

6.      As is the general practice of most law firms, the attorneys and staff of McGuire Law, P.C. were responsible for keeping track of their own billable time related to this matter and did so with detailed time entries. The majority of these records are centralized in a billing management software program to which all employees have access.

7.      The total number of hours expended on this litigation by McGuire Law, P.C. attorneys for the common benefit of the Class Members from inception through the date of this filing is 1,302.3. The total lodestar for this work using current billing rates is $866,343.00.

8.     Below is a summary indicating the time spent by my firm's attorneys and professional staff who worked on this litigation, and their lodestars based on McGuire Law, P.C.'s billing rates from inception of the case through the date of this filing. The rates listed below are the same rates that would be assessed to our hourly clients and approximate the average of rates for attorneys with similar backgrounds and experience in the Chicago legal market. Additionally, numerous federal and state courts have approved our then-prevailing billing rates in other, similarly complex class litigation.[1] The hours and rates of the McGuire Law, P.C. attorneys

---

[1] *See, e.g.*, *Satterfield et al. v. Simon &amp; Schuster, Inc*. (N.D. Cal. Aug. 13, 2010); *Lozano et al. v. Twentieth Century Fox Film Corp*. (N.D. Ill. Apr. 15, 2011); *Rojas et al. v. Career Education Co.* (N.D. Ill. Sept. 6, 2012); *Robles et al. v. Lucky Brand Dungarees, Inc.* (N.D. Cal. May 10, 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. Feb. 20, 2013); *Murray et al. v. Bill Me Later, Inc.* (N.D. Ill. Nov. 20, 2014); *Valladares et al. v. Blackboard, Inc. et al*. (Cir Ct. Cook Cnty., Ill. 2016); *Serrano et al. v. A&amp;M (2015) LLC* (N.D. Ill. 2017); *Seal et al. v. RCN Telecom Services, LLC* (Cir. Ct. Cook Cnty., Ill. 2017); *Hooker v. Sirius XM Radio, Inc.* (E.D. Va. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc*. (Cir. Ct. Cook Cnty., Ill. 2017); *Vergara, et al. v. Uber Technologies, Inc., (N.D. Ill. 2018); Kovach et al v. Compass Bank* (Cir. Ct. Jefferson County, AL 2018); *Svagdis v. Alro Steel Corp*. (Cir. Ct. Cook Cnty., Ill. 2018); *Zhirovetskiy v. Zayo Group, LLC,* (Cir. Ct. Cook Cnty., Ill. 2019); *McGee v. LSC Communications, Inc., et al., 17-CH-12818* (Cir. Ct. Cook Cnty., Ill. 2019); *Nelson v. Nissan North America, Inc.* (M.D. Tenn. 2019); *Garcia v. Target Co.*, (D. Minn. 2019); *Smith v. Pineapple Hospitality Grp.* (Cir. Ct. Cook Cnty., Ill. 2020); *Rafidia v. KeyMe, Inc.* (Cir. Ct. Cook County, Ill. 2020); *Burdette-Miller v. William &amp; Fudge, Inc.* (Cir. Ct. Cook County, Ill 2020); *Farag v. Kiip, Inc.* (Cir. Ct. Cook County, Ill. 2020); *Prelipceanu v. Jumio Corp*. (Cir. Ct. Cook County, Ill. 2020); *Williams v. Swissport USA, Inc*. (Cir. Ct. Cook County, Ill. 2020); *Glynn v. eDriving, LLC* (Cir. Ct. Cook County, Ill. 2020); *Prather v. Wells Fargo Bank, N.A.* (N.D. Ill. 2020); *Draland v. Timeclock Plus, LLC* (Cir. Ct. Cook County, Ill. 2021); *Freeman-McKee v. Alliance Ground Int'l, LLC* (Cir. Ct. Cook County, Ill. 2021).

provided represent the total work our firm has undertaken since the inception of this litigation, including: case investigation, research, drafting documents, communicating with experts, coordinating with Co-Lead Counsel, acquiring preliminary approval, communicating with the Settlement Administrator and Class Members, and acquiring final approval and communicating with purported objectors. The time and expense records described herein were reviewed by my firm for accuracy and reduced to remove any hours found to have been duplicative or excessive. These summaries were prepared from contemporaneously-made daily time records regularly prepared and maintained by the timekeepers.

| ATTORNEY (Position) | YEAR OF EXP. | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Myles McGuire (Managing Partner) | 22 | 639.1 | $770 | $492,107.00 |
| Evan Meyers (Partner) | 20 | 92.3 | $740 | $68,302.00 |
| Eugene Turin (Associate) | 8 | 363.5 | $610 | $221,735.00 |
| Paul Geske (Associate) | 7 | 10.0 | $570 | $5,700.00 |
| Timothy Kingsbury (Associate) | 4 | 103.8 | $445 | $46,191.00 |
| Brendan Duffner (Associate) | 3 | 29.6 | $405 | $11,988.00 |
| Steven Beckham (Former Associate) | 2 | 18.3 | $365 | $6,679.50 |
| Jordan Frysinger (Associate) | 2 | 6.7 | $365 | $2,445.50 |
| Joseph Dunklin (Associate) | 1 | 20.5 | $325 | $6,662.50 |

| | | | | |
|---|---|---|---|---|
| Michael Medved (Former Clerk) | N/A | 12.0 | $245 | $2,940.00 |
| James Tsang (Former Clerk) | N/A | 6.5 | $245 | $1,592.50 |
| **Total Lodestar** | N/A | 1,302.3 | N/A | $866,343.00 |

9.      In addition to attorney time, McGuire Law, P.C. has incurred $47,622.28 in expenses related to this litigation, which includes costs for filing fees, service fees, mediation costs, travel expenses, and most significantly, expert fees ($26,360.83). Every effort was made to keep these expenses at a minimum. Being responsible for advancing all expenses, McGuire Law attorneys had a strong incentive not to expend any funds unnecessarily.

10.     The expenses summarized above are reflected on McGuire Law, P.C.'s expense records. The records are prepared from expense vouchers, receipts, invoices, check and bank records, and other source materials, and represent an accurate recordation of the expenses incurred. The expenses reflected above were reasonably incurred and necessary and appropriate in the prosecution of this litigation and were for the common benefit of the Class Members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2022 in Chicago, Illinois.

/s/ *Myles McGuire*
Myles McGuire

6