**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| AMBER WOOD, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No. 5:20-cv-11054-JEL-APP<br><br>District Judge Judith E. Levy<br><br>Magistrate Judge Anthony P. Patti |

**DECLARATION OF JEFFREY S. GOLDENBERG OF
GOLDENBERG SCHNEIDER, LPA IN SUPPORT OF PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT
OF EXPENSES, AND SERVICE AWARDS**

I, **JEFFREY S. GOLDENBERG**, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at Goldenberg Schneider, LPA, counsel for Plaintiffs in the above-captioned action. I am a member in good standing of the state bar of Ohio and have never been the subject of any disciplinary proceeding.

2. I graduated Phi Beta Kappa from Indiana University, Bloomington, Indiana in 1988 (B.A. Biology) and received my law degree from Indiana University in 1994. I also received a master's degree in environmental science from Indiana University in 1994.

3. I am admitted to the practice of law in the State of Ohio (1994), the United States Court of Appeals for the Sixth Circuit, Second Circuit, and Ninth Circuit, the United States District Court for the Southern and Northern Districts of Ohio, and the Northern District of Illinois. I also have been admitted pro hac vice to various federal district courts throughout the United States.

4. I respectfully submit this declaration in support of Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards. Except as otherwise noted, the facts set forth in this declaration are based in part upon my personal knowledge, and I would competently testify to them if called upon to do so.

5. I have been practicing law for twenty-eight years. I have served as lead or co-lead counsel on numerous nationwide class actions and have substantial experience litigating class actions and complex civil litigation, including auto defect class actions representing consumers. I have been involved in all aspects of this case since we began investigating the claims before the complaint was filed.

6. The work done by my firm in this case includes: initial factual investigation; legal research regarding Plaintiffs' potential claims; drafting and reviewing pleadings; multiple client conferences for the purposes of vetting potential plaintiffs to serve as class representatives; attending organizational and strategy conferences; communicating with our class representatives about case developments; and reviewing the Settlement Agreement and related documents.

7. My firm kept detailed records regarding the amount of time spent by my firm and

the lodestar calculation based on my firm's current billing rates. The information was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm in the usual course and manner of my firm's regular daily business operations. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request. Attached as Exhibit B are my firm's individual time and expense entry records.

8. The total number of hours spent by my firm rendering services through the date of this declaration, 105.3, multiplied by applicable hourly rates equals $58,798. These are summarized as:

| Timekeeper, Position and, if attorney, years practicing | Hours to Date | Hourly Rate | Total Amount Billed |
|---|---|---|---|
| Jeffrey S. Goldenberg (P) (28 years) | 60.9 | $795 | $48,415.50 |
| Robert B. Sherwood (A) (20 years) | 5.5 | $650 | $3,575.00 |
| Stephanie Vaaler (Paralegal) | 30.9 | $175 | $5,407.50 |
| Cheryl Pence (LA) | 8 | $175 | $1,400.00 |
| **TOTALS FOR FIRM** | **105.3** |  | **$58,798.00** |

9. In my judgment and based on my years of experience in class action litigation and other litigation, the number of hours expended, and the services performed by my firm, were reasonable and necessary for my representation of Plaintiffs.

10. The GS personnel listed above billed their time at their usual and customary hourly billing rates, which have been approved by courts presiding over similar complex class action lawsuits at or near the rates presented above, and which are commensurate with the prevailing market rates for legal professionals of comparable experience and skill handling complex litigation. For example, I was approved at $750 per hour and Ms. Pence was approved at $150 per

hour in *Sarah Hill et al v. Canidae Corporation*, Case No. 5:20-cv-01374-JGB-SP (C.D. Cal) (Doc. No. 79). On April 22, 2021, I submitted the following hourly rates to the Federal District Court in New Jersey in *In Re: Mercedes-Benz Emission Litigation*, Case No. 2:16-cv-00881-KM-ESK, to support Class Counsel's fee petition: Jeffrey Goldenberg: $775; Todd Naylor: $700; Robert Sherwood: $650; and Cheryl Pence: $150. (Doc. No. 312-2, Ex. 4). The Court granted Class Counsel's fee petition on July 12, 2021 (Doc. No. 341). On December 3, 2021, I submitted the following hourly rates to the Federal District Court, Southern District of New York in *Culbertson, et al. v. Deloitte Consulting LLP*, Case No. 1:20-cv-3962-LJL, to support Class Counsel's fee petition: Jeffrey Goldenberg: $750; Todd Naylor: $675; Robert Sherwood: $625; Stephanie Vaaler: $175; and Cheryl Pence: $150. (Doc. No. 146). The Court granted Class Counsel's fee petition on February 16, 2022 (Doc. No. 159). See also, *Margery Newman v. Metropolitan Life Insurance Company*, U.S. District Court, Northern District of Illinois, Case No. 1:16-cv-03530.

11. I have general familiarity with the range of hourly rates typically charged by plaintiffs' class action counsel in the geographical area where my firm practices and throughout the United States, both on a current basis and historically. From that basis, I am able to conclude that the rates charged by my firm are commensurate with those prevailing in the market for such legal services furnished in complex class action litigation, such as this.

12. Expense items are billed separately at actual cost, and such charges are not duplicated in my firm's billing rates. Based upon my firm records, my firm has incurred a total of $166.92 in unreimbursed expenses in connection with the prosecution of this litigation. The expenses are broken down as follows.

| **Expense Category** | **Total** |
|---|---|
| Legal Research | $85.20 |
| Photocopying | $33.72 |
| Mail/Overnight mail | $48.00 |

| Total Expenses | $166.92 |
|---|---|

13. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, credit card statements, check records, and other source materials and are an accurate record of the expenses as charged by the vendors. Additional costs may potentially accrue up through the final fairness hearing in this matter.

I declare under penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct.

Dated:  November 17, 2022                By: /s/*Jeffrey S. Goldenberg*
                                              Jeffrey S. Goldenberg, Esq.
                                              Goldenberg Schneider, LPA
                                              4445 Lake Forest Drive, Suite 490
                                              Cincinnati, Ohio  45242
                                              Tel: (513) 345-8297
                                              Fax: (513) 345-8294
                                              Email: jgoldenberg@gs-legal.com

                                              **Counsel for Plaintiffs**