UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMBER WOOD, *et. al*, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC, <br><br> Defendant. | Case No. 5:20-cv-11054-JEL-APP <br><br> District Judge Judith E. Levy <br><br> Magistrate Judge Anthony P. Patti |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

THIS MATTER having come before the Court for consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, in accordance with the Parties' Settlement Agreement;

WHEREAS, Defendant FCA US LLC ("FCA US") and Plaintiffs Amber Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherin Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid,

Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo ("Plaintiffs") reached a Class Settlement (the "Settlement");

WHEREAS, the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on June 7, 2022 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail and via the internet;

WHEREAS, the Court-appointed Settlement Claims Administrator Kroll effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Plaintiffs submitted their Unopposed Motion for Final Approval of Class Settlement on November 17, 2022;

WHEREAS, on December 1, 2022, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and

adequate, and whether the Settlement should be granted final approved by this Court; and

WHEREAS, the Parties having appeared at the Final Approval Hearing;

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement and hearing from the attorneys for the Parties, and for the reasons set forth on the record,

**IT IS ON THIS 1st day of December, 2022, ORDERED and, ADJUDGED that the Court finds and orders as follows**:

1. All terms herein shall have the same meaning as defined in the Settlement Agreement.

2. This Order incorporates and makes part hereof the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation including all Settlement Class Members.

4. The Court confirms its previous preliminary findings in the Preliminary Approval Order.

5. For purposes of Settlement, the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Class or Settlement Class as defined in Sections I(d) and I(t) of the Settlement Agreement and also defined below is so numerous that joinder of all

members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class, and the Settlement Class Representatives have fairly and adequately protected the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and class action treatment is superior over individual actions.

6. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail. The Settlement Claims Administrator, Kroll Settlement Administration, also placed the Notice on the settlement website. Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

7. In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Claims Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where Class members reside. None of the Attorneys General filed objections to the Settlement. The Court finds that the notice requirements set forth

in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. The Settlement is fair, reasonable, and adequate, and serves the best interests of the Settlement Class in light of all the relevant factors including the benefits afforded to the Settlement Class, the complexity, expense, uncertainty, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

9. The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

10. It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order and Judgment should be presented exclusively to this Court for resolution.

11. The Court certifies the following Settlement Class for purposes of Settlement only:

> All individuals who purchased or leased in the United States one of the following vehicles equipped with a 2.4L Tigershark engine: model years 2015-2017 Chrysler 200; model years 2013-2016 Dodge Dart; model years 2014-2019 Jeep Cherokee manufactured prior to July 2018; model years 2015-2018 Jeep Renegade; model years 2017-2018 Jeep Compass; model years 2015-2018 Ram Promaster City; and model years 2016-2018 Fiat 500x.

Excluded from the Settlement Class are FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicles that previously released their claims in an individual settlement with FCA US with respect to the issues raised in this case.

12. The Settlement Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

13. The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement,

except for those who have duly and timely excluded themselves. A list of the names of each Settlement Class Member who has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement was previously submitted as Exhibit F to the Kroll Decl., ECF No. 69, PageID.2783-2790.

14. The Court hereby appoints the following persons as Settlement Class Representatives: Amber Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherin Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid, Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo.

15. The Court hereby appoints The Miller Law Firm, P.C., Hagens Berman Sobol Shapiro, LLP, and McGuire Law, P.C. as Co-Lead Class Counsel and McCune Wright Arevalo, LLP, Sauder Schelkopf, and Berger Montague P.C. as Plaintiffs' Steering Committee Class Counsel.

16. The Litigation is hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation in this Litigation and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Litigation.

17. The Released Claims of all Settlement Class Members are hereby fully, finally, and forever released, discharged, compromised, settled, relinquished, and dismissed with prejudice against all of the Released Parties.

18. Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

19. The Settlement Agreement, Settlement related documents, and/or the Court's approval thereof, does not constitute, and is not to be used or construed as any admission by Defendant or by any Released Party of any allegations, claims, or alleged wrongdoing.

20. Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members

are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding, or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

21. The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class, and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement, Preliminary Approval Order, and Class Notice.

22. The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.

**IT IS SO ORDERED.**

Dated: December 1, 2022   s/Judith E. Levy
    Ann Arbor, Michigan   JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2022.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager