UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMBER WOOD, *et. al*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No. 5:20-cv-11054-JEL-APP<br><br>District Judge Judith E. Levy<br><br>Magistrate Judge Anthony P. Patti |

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS

THIS MATTER having come before the Court for consideration of Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Incentive Awards ("Fee Motion");

WHEREAS, Defendant FCA US LLC ("FCA US") and Plaintiffs Amber Wood, Thomas Weiner, Karen Burke, Nick Gizzarelli, Guy West, Kyle Davis, Rebekah Aeren Wright, Catherin Coppinger, Kimberly Eager, Roberto Hernandez, Mikaelyn McDowell, Rosalind Burks, Holly Hickman, Amber Portugal, Michael Sanchez, Adam Dyer, Arteal Jordan, Vivien Nagy, Katlyn Wills, Cheryl Miller, Kelly Johnson, Holly Kundel, Ryan Hall, Danielle Coates, Kelsey Williams, Daniel Scott, Ryan Graham, Robert Johnston, Deborah Johnston, Michelle Schmid,

Nathaneal Romanchuk, Nicolette Watson, Desiree Tarro, Pamela Anderson, Caren Christman, Joshua Caples, Luis Munoz, Sherri McCall, Krishawn Durham, Katie Kuczkowski, Daniel McGorrey, and Tera Castillo ("Plaintiffs") reached a Class Settlement (the "Settlement");

WHEREAS, the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on June 7, 2022 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail and via the internet;

WHEREAS, the Court-appointed Settlement Claims Administrator Kroll Settlement Administration effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Plaintiffs submitted their Unopposed Fee Motion on November 17, 2022;

WHEREAS, on December 1, 2022, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and

adequate, whether the Settlement should be granted final approved by this Court; and whether the Court should grant Plaintiffs' unopposed Fee Motion; and

WHEREAS, the Parties having appeared at the Final Approval Hearing;

THEREFORE, after reviewing the pleadings and evidence filed in support of Plaintiffs' unopposed Fee Motion and hearing from the attorneys for the Parties, and for the reasons set forth on the record,

**IT IS ON THIS 1st day of December, 2022, ORDERED and, ADJUDGED that the Court finds and orders as follows**:

1. All terms herein shall have the same meaning as defined in the Settlement Agreement.

2. This Order incorporates and makes part hereof the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation including all Settlement Class Members.

4. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail. The Settlement Claims Administrator, Kroll Settlement Administration, also placed the Notice on the settlement website. Thus, notice has been given in an adequate and

sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

5.  The Settlement, including the requested fees and expenses, was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. In its Final Order, the Court has determined that the Settlement, including the requested fees and expenses, is fair, reasonable, and adequate, and serves the best interests of the Settlement Class, in light of all the relevant factors.

6.  The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

7.  Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $7,500,000, a sum which the Court finds to be fair and reasonable. The attorneys' fees and expenses awarded will be paid to Class Counsel by FCA US in accordance with the terms in the Settlement.

8.  In making this award of attorneys' fees and expenses, the Court has considered and found that the requested fee award is reasonable because:

   a. Settlement Class Members will benefit significantly from the Settlement that occurred because of the efforts of Class Counsel;

b. The fee sought by Class Counsel has been reviewed and approved as reasonable by Plaintiffs, who oversaw the prosecution and resolution of the Action;

c. Notice was mailed to potential Settlement Class Members stating that Class Counsel would apply for attorneys' fees and expenses in an amount not to exceed $7,500,000 and service awards to Plaintiffs in amounts of $1,000-$3,000 each;

d. Class Counsel have conducted the Litigation and achieved the Settlement with diligent advocacy against experienced and skilled opposing counsel;

e. The Litigation raised a number of complex issues;

f. Had Class Counsel not achieved the Settlement, there would remain a significant risk Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendant;

g. Class Counsel devoted more than 5,200 hours, with a lodestar value of more than $3.2 million, to achieve the Settlement;

h. The amount of attorneys' fees and expenses awarded are fair, reasonable, appropriate, and consistent with awards in similar cases; and

    i. The service awards to Plaintiffs, totaling $81,000, are separately paid by Defendant and are not subtracted from the relief afforded to the Class pursuant to the Settlement

9. Plaintiffs Kyle Davis, Desiree Tarro, Thomas Weiner, Rebekah Wright, Cheryl Miller, Kelsey Williams, Adam Dyer, Arteal Jordan, and Guy West are hereby awarded $3,000; Plaintiffs Michelle Schmid, Robert and Deborah Johnston, Pamela Anderson, Catherine Coppinger, Caren Christman, Kelly Johnson, Ryan Hall, Roberto Hernandez, Kimberly Eager, Joshua Caples, Danielle Coates, Krishawn Durham, Mikaelyn McDowell, Katie Kuczkowski, Daniel Scott, Ryan Graham, Karen Burke, Daniel McGorrey, Rosalind Burks, Amber Portugal and Michael Sanchez, Vivien Nagy, Katlyn Wills, Tera Castillo are hereby awarded $2,000; and Plaintiffs Nick Gizzarelli, Nicolette Watson, Nathaneal Romanchuk, Amber Wood, Holly Kundel, Luis Munoz, Sherri McCall, and Holly Hickman are hereby awarded $1,000 (for an aggregate total of $81,000) for their representation of the Settlement Class, which the Court concludes is a reasonable method of compensating the Class Representatives for the time and effort expended in assisting the prosecution of this litigation and the risks incurred by becoming a litigant.

10. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

11. The Court finds that no just reason exists for delay in entering this Order. Accordingly, the Clerk is hereby directed to enter this Order.

**IT IS SO ORDERED.**

Dated: December 1, 2022  
    Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2022.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager